**Colleen ECKMAN and Glenn Eckman, h/w, Appellants**

v.

**ERIE INSURANCE EXCHANGE, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 12, 2011.

Filed April 25, 2011.

Steven H. Lupin and Kevin Cornish, Lansdale, for appellants.

Allan C. Molotsky, Philadelphia, for appellee.

BEFORE: STEVENS, P.J., FREEDBERG, AND PLATT *, JJ.

OPINION BY PLATT, J.

Appellants, Glenn and Colleen Eckman, husband and wife, appeal from the order entered in the Court of Common Pleas of Montgomery County, denying their motion for a preliminary injunction. Appellants have failed to prove they have a clear right to relief, or that the trial court lacked any apparently reasonable grounds to deny their motion. Accordingly, we affirm.

On June 19, 2009, Solid Waste Services, Inc. d/b/a/ J.P. Mascaro & Sons sued Colleen Eckman and others for one count of "[d]efamation (libel *per se* )," alleging willful, malicious and false statements purportedly made during a local election campaign (the Mascaro litigation). The complaint sought an amount in excess of fifty thousand dollars "together with punitive damages, interest and costs." (Mascaro complaint, Exhibit B to N.T. Hearing

12/3/09. at 17; *see also* Trial Court Opinion, 8/06/10, at 1). Mrs. Eckman forwarded the complaint to Appellee, Erie Insurance Exchange, as a claim for coverage under Appellants' "HomeProtector Ultracover Insurance Policy" issued by Appellee.

On June 30, 2009, a representative of Appellee acknowledged receipt of the complaint by letter to Appellants. The letter committed to providing a defense with a lawyer chosen by Appellee if an insured was sued for a covered personal injury. However, noting policy exclusions for intentional acts and punitive or exemplary damages, the letter included a reservation of rights, and concluded by advising Appellants of their right to retain an attorney at their own expense to represent their interests.

Appellants then retained the law firm of Hamburg, Rubin, Mullin, Maxwell & Lupin,[1] which notified Appellee of its representation by letter. Claiming a conflict of interest in any counsel retained by Appellee, the firm requested permission to defend Mrs. Eckman in the Mascaro litigation, "with legal services paid for by Erie." (Hamburg, Rubin, Mullin, Maxwell & Lupin letter of July 6, 2009 to Appellee, at 2). Appellee rejected the request, but engaged the law firm of McCormick & Priore to represent Mrs. Eckman.[2]

On November 12, 2009, Appellants filed a complaint for declaratory judgment and a motion for preliminary injunction against Appellee, asking the trial court to order Appellee to provide Mrs. Eckman with counsel of her choice at Appellee's expense to defend her in the Mascaro litigation. After a hearing the trial court denied the

* Retired Senior Judge assigned to the Superior Court.

1. Hamburg, Rubin also represents Appellants in this appeal.

2. McCormick & Priore continues to represent Mrs. Eckman in the Mascaro litigation. (*See* Appellants' Brief, at 8).

motion, concluding that Appellants failed to establish the prerequisites for injunctive relief.[3] This timely appeal followed. Appellants also filed a timely Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Appellants raise two questions for our review:

> WHETHER THE TRIAL COURT COMMITTED ERROR OF LAW WHEN IT HELD THAT THE ECKMANS FAILED TO ESTABLISH EACH OF THE PREREQUISITES NEEDED TO OBTAIN PRELIMINARY INJUNCTIVE RELIEF?

> WHETHER THE TRIAL COURT COMMITTED ERROR OF LAW WHEN IT HELD THAT A CONFLICT OF INTEREST DID NOT EXIST FOR ANY ATTORNEY SELECTED AND PAID FOR BY ERIE INSURANCE TO DEFEND COLLEEN ECKMAN IN THE CASE OF *Solid Waste Services Inc. d/b/a J.P. Mascaro & sons et al.* ("MASCARO LITIGATION"), MONTGOMERY COUNTY, PENNSYLVANIA COURT OF COMMON PLEAS NO. 09–18231, BASED UPON THE FACTS THAT COLLEEN ECKMAN HAS BEEN SUED FOR INTENTIONAL CONDUCT AND PUNITIVE DAMAGES, NEITHER OF WHICH ARE [sic] COVERED BY THE INSURANCE POLICY UNDER WHICH ERIE INSURANCE IS DEFENDING COLLEEN ECKMAN THE [sic] MASCARO LITIGATION, AND BECAUSE ANY ATTORNEY SELECTED BY ERIE INSURANCE HAS INHERENT AND CONCURRENT RESPONSIBILITIES TO ERIE AS A THIRD PARTY PAYOR AND TO COLLEEN ECKMAN AS A CLIENT?

(Appellants' Brief, at 4).

Preliminarily, we note that Appellant's second question does not involve an appeal from a final order. *See* Pa.R.A.P. 341. The trial court did not file a separate order on the complaint for a declaratory judgment. Rather it addressed the claim of conflict of interest only in connection with the denial of the motion for injunctive relief. Accordingly, we will not address Appellants' second question separately, but only as it relates to the issue presented in Appellants' first question.

■ Our standard of review for the denial of a preliminary injunction is well-settled.

> [I]n general, appellate courts review a trial court order refusing or granting a preliminary injunction for an abuse of discretion. We have explained that this standard of review is to be applied within the realm of preliminary injunctions as follows:

>> [W]e recognize that on an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].

*　　*　　*

■ [I]n general, appellate inquiry is limited to a determination of whether an

---

**3.** Although the certified record contains a docket entry for the order in question, the order itself is not included in the record before this Court. However, as there is no dispute that the order was filed as docketed, or as to the contents of the order, we review the issues presented as argued by the parties and addressed in the trial court opinion.

examination of the record reveals that "any apparently reasonable grounds" support the trial court's disposition of the preliminary injunction request.

In ruling on a preliminary injunction request, **a trial court has "apparently reasonable grounds" for its denial of relief where it properly finds that any one of the following "essential prerequisites" for a preliminary injunction is not satisfied.** "For a preliminary injunction to issue, **every one** of the [ ] prerequisites must be established; if the petitioner fails to establish any one of them, there is no need to address the others." **First,** a party seeking a preliminary injunction must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. **Second,** the party must show that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. **Third,** the party must show that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct. **Fourth,** the party seeking an injunction must show that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits. **Fifth,** the party must show that the injunction it seeks is reasonably suited to abate the offending activity. **Sixth** and finally, the party seeking an injunction must show that a preliminary injunction will not adversely affect the public interest.

*Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.,* 573 Pa. 637, 828 A.2d 995, 1000–1001 (2003) (citations and footnote omitted, quotation marks in origi-

nal, emphases added). This standard is "highly deferential." *Id.*

▮ Here, Appellants fail to prove an error of law, or that they are entitled to a preliminary injunction. Specifically, they have failed to prove that they have satisfied any of the six essential pre-requisites to obtain preliminary injunctive relief. Appellants concede they have no Pennsylvania caselaw to support their claims. (*See* Appellants' Brief, at 12, 24, 29; *see also* Trial Ct. Op., at 8). Nevertheless, citing caselaw from federal courts and other sister state jurisdictions which they claim is supportive of their position, they assert that "[a] conflict of interest is a conflict of interest, exclusive of Pennsylvania case law[.]" (Appellants' Brief, at 24). Arguing on appeal that a conflict exists, and an injunction is necessary to prevent irreparable harm, they request that the decision of the trial court be reversed. (*See id.,* at 29). We disagree.

▮ At the outset we observe that it is well-settled that this Court is not bound by the decisions of federal courts, other than the United States Supreme Court, or the decisions of other states' courts. *See Trach v. Fellin,* 817 A.2d 1102, 1115 (Pa.Super.2003), *appeal denied sub nom. Trach v. Thrift Drug, Inc.,* 577 Pa. 725, 847 A.2d 1288 (2004). "We recognize that we are not bound by these cases; however, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law." *Id.*

▮ Here, however, Appellants' out-of-state authority is incompatible with precedential Pennsylvania law. *See Widener University v. Fred S. James & Co., Inc.,* 371 Pa.Super. 79, 537 A.2d 829, 833 (1988) (concluding that a "duty to defend insurer" has right to defend litigation and to select counsel; if insured refuses insurer's offer of counsel, insurer has no obligation to insured in connection with defense of

claim). Accordingly, their out of state caselaw has no persuasive authority. Appellants' claim is not supported by pertinent authority and accordingly, it is waived. *See* Pa.R.A.P. 2119(b).

Moreover, it would not merit relief. Appellants' arguments that they established all the pre-requisites necessary for injunctive relief are unsupported, undeveloped, and the harms presented, at most, are merely speculative. (*See* Appellants' brief, at 23, 24–28). Notably, except for the first two claims, clear right to relief and irreparable harm, Appellants do little more than cite the relevant standard, rephrase the requirement as a statement of fact and assume the self-serving conclusion that the requirements have been met. (*See id.* ¶¶ 3, 4, 5, 6 at 27–28). None of these four claims is supported by pertinent authority.[4] For example, on the third prong of the preliminary injunction test, Appellants' argument that the grant of an injunction would restore Mrs. Eckman to her status as it existed prior to the appointment of counsel with a conflict of interest, consists in its entirety of the following paragraph:

> By granting the injunction and disqualifying any attorney appointed by [Appellee] to represent Mrs. Eckman in the Mascaro litigation, Mrs. Eckman would be restored to her status of a client without an attorney representing her with a conflict of interest. Then, Mrs. Eckman would be permitted to select counsel of her choosing who would represent her without a conflict of interest.

(Appellant's Brief, at 27).

■ The trial court concluded that Appellants' argument lacked any factual or legal basis justifying a departure from established precedent, with little more than cursory references to two of the six required criteria. (*See* Trial Ct. Op., at 8). Based on our review of the record, including Appellants' brief, we agree. A trial court has "apparently reasonable grounds" for denial of relief where it properly finds that any one of the essential prerequisites for a preliminary injunction is not satisfied. *Summit Towne Centre, Inc., supra* at 1001. Because Appellants failed to meet their burden to establish at least four of the six requirements, specifically, requirements three, four, five, and six, they have failed to meet their burden on that basis alone.

Moreover, the claims actually asserted would not merit relief either. In their first sub-argument, Appellants maintain their right to relief is clear. (*See* Appellants' Brief, at 24–25). While conceding there is no Pennsylvania caselaw to support their claim, Appellants argue their position is supported by Pennsylvania Rule of Professional Conduct 1.7, conflict of interest, which provides in pertinent part that:

> [a] **concurrent** conflict of interest exists if:
>
> \* \* \*
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Rules of Prof. Conduct, Rule 1.7(a)(2), 42 Pa.C.S.A. (emphasis added).

However, Appellants offered no evidence of a breach of ethical obligations by Appellants' designated counsel. Therefore, they presented no concurrent conflict. Rather,

---

4. In their sixth and final argument Appellants also cite *Gorski v. Smith*, 812 A.2d 683, 711 (Pa.Super.2002), *appeal denied*, 579 Pa. 692, 856 A.2d 834 (2004), for the undisputed proposition that an attorney owes a client a duty of undivided loyalty. (*See* Appellants' Brief, at 28, misciting *Gorski* as "*Gorki*").

they merely postulate that "any" attorney selected by Appellee to represent insureds under a reservation of rights has a conflict, suggesting, without foundation, that any or all attorneys paid by an insurer would breach their ethical obligations to the insured/client, by methods not specified, to frame claims as excluded from coverage. (Appellants' Brief, at 8, 11–12, 20). We disagree.

The categorical supposition that all attorneys compensated by a third party will breach their ethical duties is undeveloped, unsupported, and not cognizable under established principles of law. The trial court properly rejected it. (*See* Trial Ct. Op. at 9). Furthermore, numerous references in the Rules of Professional Conduct to circumstances in which a lawyer may represent a client and be paid by a third party (as, indeed, Appellants' own retained counsel requested in this case), belie Appellants' supposition that the Rules contemplate, let alone require, any such *per se* disqualification. (*See e.g.,* Rule 1.7(b), Rule 1.8, Explanatory Comment [11]). Their claim that their right to relief is clear is contradicted by controlling law and does not merit relief.

Next, Appellants claim that without injunctive relief irreparable harm will result. (*See* Appellants' Brief, at 25–26). However, this argument consists of nothing more than a variation on the earlier unsupported speculation that selected counsel would engage in "subtle, behind the scenes" improper conduct to establish that Mrs. Eckman's alleged actions were excluded from coverage under the policy. (*Id.* at 26). Appellants assert that "[i]rreparable harm to a client is **inherent** in a conflict of interest situation." (*Id.*) (emphasis added). As a result, they assume a conflict exists without having proved one, and they utterly fail to develop their argument that irreparable harm is "inherent." Appellant's second argument would not merit relief.

 Finally, we note that Appellants, by counsel, both at oral argument before this Court, and in the trial court hearing, candidly advocated a change in the current law. (*See* Trial Ct. Op. at 8). Any such change in the law is beyond the mandate of this Court. "This Court is of course bound by existing precedent under the doctrine of *stare decisis.*" *Dixon v. GEICO,* 1 A.3d 921, 925–26 (Pa.Super.2010) (citation omitted); *see also Marks v. Nationwide Ins. Co.,* 762 A.2d 1098, 1101 (Pa.Super.2000), *appeal denied,* 567 Pa. 751, 788 A.2d 381 (2001) (this Court continues to follow controlling precedent as long as decision has not been overturned by our Supreme Court).

Order affirmed.