J-A10022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAMS FIELD SERVICES COMPANY, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CLEO R. TEEL AND GLORIA D. TEEL, HUSBAND AND WIFE | |
| Appellees | No. 1475 MDA 2013 |

Appeal from the Judgment Entered August 8, 2013
In the Court of Common Pleas of Susquehanna County
Civil Division at No: 2012-1959-CP

BEFORE:  DONOHUE, ALLEN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 25, 2014**

Appellant, Williams Field Services Company, Inc., appeals from the August 8, 2013 judgment entered in favor of Appellees, Cleo R. and Gloria D. Teel.  We vacate and remand.

This litigation arises from a Pipeline Right-of-Way and Compressor Site Grant agreement (the "Right-of-Way") providing for pipelines to be laid and a compressor station to be built on Appellee's 586-acre property in Susquehanna County.  Appellees executed the Right of Way in 2007 with Cabot Oil & Gas Corporation ("Cabot"), Appellant's predecessor-in-interest.

In addition, in 2008, Appellees and Cabot executed a Compressor Station Agreement (the "Compressor Station Agreement) providing further details concerning the compressor station to be built. The Right-of-Way gave Cabot the right to construct and maintain pipelines on Appellees' property. The Right-of-Way provided that the location of any pipeline would be "subject to mutual consent […], it being understood that such consent shall not be unreasonably withheld." Right-of-Way, 10/6/07. The Right of Way also provided for Appellees to receive twenty dollars "per lineal rod for each rod of pipe laid" on Appellees' property. *Id.*

In 2010, Cabot assigned its rights in the Right-of-Way and Compressor Station Agreement to Appellant. In 2011, Appellant engaged Appellees in discussions about the location of a new pipeline, specifically a discharge line, to be constructed on Appellees' property pursuant to the Right-of-Way. N.T. Trial, 7/10/13, at 86-87. Appellees, however, declined to consent to the construction of a new pipeline in accordance with the Right of Way. In response, instead of standing on rights acquired under the Right of Way, Appellant thereafter approached Appellees with a proposal for a new right-of-way agreement (the "Proposed Agreement"). *Id.* at 88.

The Proposed Agreement would, among other things, govern the location of a discharge line and provide Appellees more financial compensation than the Right-of-Way. *Id.* at 48-49, 52-54. Appellant believed the parties verbally agreed to a location for the discharge line. *Id.*

at 54, 103. Nonetheless, the parties never executed the Proposed Agreement because they could not agree on compensation. *Id.* Appellant offered testimony that one of its goals in pursing the Proposed Agreement was to arrive at a mutually acceptable location for the discharge line, regardless of whether the parties executed the proposed agreement or proceeded under the existing Right of Way. *Id.* at 37. When it became evident that agreement on the Proposed Agreement would not be had, Appellant undertook to commence construction of the discharge line under the terms of the executed Right of Way. *Id.* at 62, 68-69; Plaintiff's Exhibit 6. Appellant tendered compensation pursuant to the Right of Way, in response to which Appellees denied any agreement as to location of the discharge line and declined the compensation. *Id.* at 63; Plaintiff's Exhibit 7. When Appellant's personnel arrived on Appellees' property to begin preparations for the discharge line, Appellees ejected them. *Id.* at 68-69, 135-37.

Following its ejection from Appellees' land, Appellant commenced this action on October 23, 2012 seeking permanent injunctive relief. The complaint upon which the Appellant proceeded to trial sought to enforce rights Appellant possessed under the executed Right of Way and Compressor Station Agreements. The parties proceeded to a non-jury trial on July 10, 2013. At the conclusion of Appellant's evidence, Appellees moved for a compulsory nonsuit. Appellees argued that the parties had not reached

mutual consent for location of the discharge line and therefore, Appellant did not meet its burden of proof. *Id.* at 139-40.  In response, Appellant argued it was entitled to relief, since Appellees could not unreasonably withhold consent. *Id.* at 140.  The trial court agreed it had to make a determination as to whether consent was unreasonably withheld.  *Id.* at 141.  It also stated that it felt the location selected was the best location anyone could have, as it was direct, along the road, and did not bother anyone too much, and that the location selected was a reasonable right-of-way area.  *Id.* at 139-41.  Nonetheless, without any further explanation, the trial court granted Appellees' motion for compulsory nonsuit reasoning that Appellant had not proven its case to merit the granting of a permanent injunction.

Post-trial motions to remove the nonsuit were filed by Appellant and denied by the trial court.  In its 1925(a) opinion, the trial court explained that the Appellees' consent was required under the Right of Way and never was obtained by Appellant.  Trial Court Opinion, 10/1/13, at 3.  It further explained that while Appellant argues that consent as to location was obtained, that hardly satisfied the consent requirement considering Appellees had issues with monetary compensation, among other things, and that other witnesses stated there were outstanding provisions presented by Appellant that had yet to be finalized. *Id.* at 4-5.  The latter was an obvious reference to the terms not yet agreed to under the Proposed Agreement.

Judgment in favor of Appellees was entered on August 8, 2013, and this timely appeal followed. Appellant raises three issues on appeal: (1) the trial court erred in entering the nonsuit; (2) the trial court erred in considering inadmissible parol evidence; and (3) the trial court erred in declining to hold a hearing on Appellant's post-trial motion. Appellant's Brief at 5. We will confine our analysis to the first issue, which we consider dispositive.

Rule 230.1 of the Pennsylvania Rules of Civil Procedure governs entry of nonsuit. The Rule permits entry of nonsuit on any cause of action for which the plaintiff, at the close of the plaintiff's case, has failed to establish a right to relief. Pa.R.C.P. 230.1(a)(1). The trial court, in ruling on a motion for nonsuit, considers only the plaintiff's evidence and any evidence favorable to the plaintiff introduced by the defendant. Pa.R.C.P. 230.1(a)(2).

> The motion for compulsory non-suit allows a defendant to test the sufficiency of the plaintiff's evidence and may be entered only in cases where it is clear that the plaintiff has not provided sufficient evidence to establish all the elements necessary to maintain a cause of action. In making its determination, the trial court must give the plaintiff the benefit of all reasonable inferences arising from the evidence present and must resolve any conflict in favor of the plaintiff.

**Bugosh v. Allen Refractories Co.**, 932 A.2d 901, 913 (Pa. Super. 2007) (citations omitted). We review the trial court's denial of a motion to remove a nonsuit for abuse of discretion or error of law. **Dietzel v. Gurman**, 806 A.2d 1264, 1268 (Pa. Super. 2002). We must resolve all evidentiary

conflicts in favor of the party against whom the trial court entered the nonsuit. ***Shay v. Flight C Helicopter Servs.***, 822 A.2d 1, 13 (Pa. Super. 2003).[1] "A compulsory non-suit is proper only where the facts and circumstances **compel the conclusion** that the defendants are not liable upon the cause of action pleaded by the plaintiff." ***Mahan v. Am-Gard, Inc.***, 841 A.2d 1052, 1058 (Pa. Super. 2003) (emphasis added), *appeal denied*, 858 A.2d 110 (Pa. 2004).[2]

---

[1] Concerning the grant or denial of a permanent injunction, we must determine whether the trial court committed an error of law in finding the plaintiff established (or failed to establish) a clear right to relief. ***Buffalo Twp. v. Jones***, 813 A.2d 659, 664 n.4 (Pa. 2002), *cert. denied*, 540 U.S. 821 (2003). Our standard of review for a question of law is *de novo.* ***Id.*** To justify the award of a permanent injunction, the party seeking relief "must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested." ***Kuznik v. Westmoreland Cnty. Bd. of Comm'rs***, 902 A.2d 476, 489 (Pa. 2006).

We observe that Appellant did not file an action seeking specific performance of the Right of Way. Showings necessary to receive the remedy of specific performance are similar, but not identical, to those required for a permanent injunction. "Specific performance is an equitable remedy that permits the court to compel performance of a contract when there exists in the contract an agreement between the parties as to the nature of the performance." ***Lackner v. Glosser***, 892 A.2d 21, 31 (Pa. Super. 2006). "Specific performance should only be granted where the facts clearly establish the plaintiff's right thereto, where no adequate remedy at law exists, and where justice requires it." ***Id.***

[2] We believe the Dissenting Judge has not applied the correct standard of review. The case cited in the Dissenting Memorandum, ***Eckman v. Erie Ins. Exch.***, 21 A.3d 1203 (Pa. Super. 2011), does not involve entry of nonsuit. Rather, that case is simply an appeal from the denial of a motion for preliminary injunction. ***Id.*** at 1205. In stating her conclusion that "the trial court had 'reasonable grounds' for entering the nonsuit," we believe the

- 6 -

Instantly, the trial court entered a nonsuit against Appellant because it believed the parties never reached mutual consent as to the location of the discharge line and that other provisions had yet to be finalized. Therefore, according to the trial court, Appellant had no chance of obtaining relief. We disagree.

Our review of the record confirms that Appellant had the right, pursuant to the Right-of-Way, to construct pipelines on Appellees' land subject only to a) Appellees' consent to the location, which Appellees could not unreasonably withhold, and b) payment of certain compensation as required under the Right of Way. Right-of-Way, 10/6/07. Although the parties could not agree on compensation under the Proposed Agreement,

---

Dissent has conflated two standards of review. Dissenting Memorandum, at 2. The "reasonable grounds" language governs our review of entry or denial of a preliminary injunction. *Eckman*, 21 A.3d at 1206. In reviewing entry of a nonsuit, as set forth in *Dietzel*, we review the trial court's decision for abuse of discretion or error of law. As explained *infra*, we conclude the latter occurred in this case.

Further, the correct standard of review requires us to resolve evidentiary conflicts and draw all reasonable inferences in favor of the losing party, per *Bugosh* and *Shay*. In reasoning that "[t]he testimony at trial did not establish that Appellant's right to build a new discharge pipeline on the Teels' property was 'clear' and 'free from doubt[,]'" the Dissenting Judge has answered a question that is simply not before us. Dissenting Memorandum, at 5. Rather, we must discern whether Appellant produced sufficient evidence to obtain relief, resolving evidentiary conflicts and drawing reasonable inferences in Appellant's favor. Indeed, the trial court's ruling is sustainable only if the instant facts and circumstances "compel the conclusion" that a nonsuit was appropriate. *Mahan*, 841 A.2d at 1058. We believe the Dissent has placed on Appellant a far greater burden than is applicable here.

nothing of record suggests that the payment tendered by Appellant under the Right of Way was not in accord with the terms of that agreement.[3] As these were the only two conditions to be satisfied prior to Appellant being able to exercise its right to install a new pipeline under the Right of Way, the only issue that had to be resolved by the trial court was whether consent by Appellees was unreasonably withheld under the Right of Way.

As for consent, the record reflects that Appellees insisted upon satisfaction of no less than 28 conditions before they would give consent to a location for the new pipeline. Plaintiff's Trial Exhibit 8. All but one of these conditions is not to be found in the Right of Way. The one to be found in the Right of Way is condition 15 relating to location, which in fact comports with Appellant's desire to locate its new pipeline in the right of way parallel to Button Road. N.T. Trial, 7/10/13, at 66; Plaintiff's Exhibit 8. As there were only two conditions to be satisfied prior to installation of a new pipeline, the only one in dispute being mutual consent as to location not to be unreasonably withheld, we believe the trial court erred in granting Appellees' motion for compulsory nonsuit on the basis that agreement on monetary compensation and other terms yet to be finalized had not occurred between the parties.

---

[3] The record reflects that by check dated June 6, 2012, Appellant tendered payment of $8,000 to Appellees pursuant to the Right of Way. By letter dated June 14, 2012, the Appellees returned this payment indicating that they had not agreed to a location, but that they remained interested in discussing Appellant's desire to install an additional pipeline on their property. Plaintiff's Trial Exhibit 7.

The terms not yet finalized pertained to the Proposed Agreement, which was not the basis for Appellant's suit for permanent injunctive relief. These additional terms were irrelevant to Appellant's claims under the Right of Way. The only issue that had to be resolved by the trial court was whether Appellees acted unreasonably in not consenting to the proposed location of the pipeline. The reasonableness, or lack thereof, of Appellees' refusal to consent is a question of law to be answered pursuant to the terms of the Right of Way. [4] Though the trial court ultimately did not directly answer this question, the court telegraphed its belief the location selected was the best possible location.

Appellant was entitled to the benefit of all its evidence and all favorable inferences therefrom in defense of the Appellees' motion for compulsory nonsuit. Appellant's evidence established that the parties arrived at a mutually agreeable location for the discharge line, and that Appellees refused to permit Appellant to install the discharge line in accordance with the Right of Way.[5] The trial court erred by not affording

---

[4] The Dissent emphasizes Appellee's refusal to give consent, but she does not address the possibility, based on the plain language of the Right of Way, that Appellant can obtain relief by virtue of Appellee's unreasonable refusal to consent. Dissenting Memorandum, at 5.

[5] We do not understand the basis for Dissenting Judge's conclusion that Appellant has an adequate remedy at law. **See** Dissenting Memorandum, at 6. The compressor station built pursuant to the Compressor Station Agreement was useful only to the extent that Appellant could run pipelines to and from it. Equitable enforcement of a contract affecting an interest in real estate is appropriate unless money damages are readily ascertainable.

Appellant the benefit of that evidence, and further by conflating the conditions precedent to Appellant's right to locate its pipeline under the Right of Way with terms not agreed upon under the Proposed Agreement that were irrelevant to Appellant's rights under the Right of Way. Clearly, at a minimum, Appellant produced sufficient evidence to preclude the granting of a compulsory nonsuit in favor of Appellees. The trial court erred by not applying the law applicable to entry of a nonsuit.[6] We therefore vacate the judgment and remand for further proceedings.

Judgment vacated. Case remanded. Jurisdiction relinquished.

Allen, J., filed a dissenting memorandum.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/25/2014</u>

---

*See Petry v. Tanglwood Lakes, Inc.*, 522 A.2d 1053, 1055-57 (Pa. 1987). We discern no basis upon which to ascertain an amount of money damages stemming from Appellant's inability to use the compressor station as contemplated in the Compressor Station Agreement and the Right of Way.

[6] We address here only the basis given by the trial court for the granting of the nonsuit. The trial court's decision only went so far as to address the contractual terms of what it thought controlled the outcome in this case. It did not address the other criteria for the granting of permanent injunctive relief. Accordingly, we leave those considerations for proceedings upon remand.