J-S54023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| BULI, ROBERT RUSSELL | |
| Appellant | No. 3438 EDA 2014 |

Appeal from the PCRA Order November 7, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001294-1978

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 21, 2015**

Appellant, Robert Russell Buli, appeals from the order dismissing as untimely his petition pursuant to the Post Conviction Relief Act ("PCRA").  As we conclude that none of the arguments raised by Buli fall outside the ambit of existing Pennsylvania case law, we affirm.

On November 15, 1979, the trial court sentenced Buli to a mandatory term of life in prison without possibility of parole after he was convicted of first degree murder and conspiracy.[1]  It is undisputed that at the time of the murder, Buli was under 18 years old.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Buli had pled guilty to an open charge of homicide, and was convicted of first degree murder after a degree of guilt hearing.

In 2010, Buli filed a PCRA petition asserting that his sentence was illegal under *Graham v. Florida*, 130 S.Ct. 2011 (U.S. 2010). The PCRA court dismissed Buli's petition as untimely on December 23, 2010. This Court affirmed the PCRA court on December 5, 2011.

On July 18, 2012, Buli filed the instant PCRA petition. Buli once again argued that his sentence was illegal, this time under *Miller v. Alabama*, 132 S.Ct. 2455 (U.S. 2012) (holding that automatic sentences of life without parole imposed upon juveniles are unconstitutional). Counsel was appointed to represent Buli and, by agreement of the parties, the PCRA court deferred addressing Buli's petition pending the decision of the Supreme Court of Pennsylvania in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), which addressed the retroactivity of the *Miller* decision.

After the Supreme Court of Pennsylvania held that *Miller* is not retroactive, the PCRA court dismissed Buli's petition as untimely. This timely appeal followed.

It is undisputed on appeal that the instant petition is facially untimely. "PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004) (citations omitted). Thus, Buli was required to plead and prove that an exception to the PCRA time-bar applied. *See Commonwealth v. Pursell*, 749 A.2d 911, 914-915 (Pa. 2000).

Buli contends that he successfully pled the existence of a newly recognized and retroactively applied constitutional right. The PCRA provides an exception to the one-year filing requirement when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section [has expired, and] 'has been held' by that court to apply retroactively." *Commonwealth*. *v. Abdul-Salaam*, 812 A.2d 497, 501 (2002). He asserts that *Miller* created a newly recognized constitutional right against mandatory sentences of life in prison held by minors. Furthermore, he asserts that this right is retroactive in nature.

In support of these assertions, Buli raises several arguments on appeal. First, he argues that in *Jackson v. Hobbs*, a companion case to *Miller* and disposed of in the *Miller* opinion, establishes that the right announced in *Miller* is retroactive in nature. The Supreme Court of Pennsylvania has explicitly rejected this argument. *See Cunningham*, 81 A.3d at 9 ("we reject Appellant's position that the *Miller* Court's reversal of the state appellate court decision affirming the denial of post-conviction relief in the *Jackson* case compels the conclusion that *Miller* is retroactive"). We therefore conclude that this argument merits no relief.

Next, Buli contends that the Supreme Court of Pennsylvania erred in *Cunningham*. We, however, are bound by the decisions of the Supreme Court of Pennsylvania and cannot overrule the explicit holding of

*Cunningham*, even if we disagreed with its reasoning.  *See Eckman v. Erie Ins. Exchange*, 21 A.3d 1203, 1207 (Pa. Super. 2011) (Superior Court is bound by existing precedent).  Buli is free to seek review of this issue before the Pennsylvania Supreme Court and present this argument there.

Buli also argues that the United States District Court for Eastern District of Pennsylvania has held that the right announced in *Miller* is retroactive in nature.  *See Songster v. Beard*, 35 F.Supp.3d. 657 (E.D. Pa. 2014).  We are "not bound by decisions of federal courts, other than the United States Supreme Court[.]"  *Eckman*, 21 A.3d at 1207 (citation omitted).  Furthermore, as noted above, the PCRA specifically provides that the only forums that can establish retroactivity are the Supreme Court of the United States and the Supreme Court of Pennsylvania.  As the United States Supreme Court has not explicitly addressed the issue, and the Pennsylvania Supreme Court has explicitly held to the contrary, *Songster* cannot satisfy the requirement of retroactivity under the PCRA.

Finally, Buli argues that the *Cunningham* Court left open the question of whether *Miller* is retroactive under Pennsylvania law as opposed to federal law.  While the *Cunningham* Court refused to address this issue as the appellant had failed to brief it in detail, the Court emphasized the value of finality of judgments to the court system.  *See Cunningham*, 81 A.3d at 9.  In any event, as noted above, under the PCRA this Court cannot recognize a right as retroactive in the first instance; we must await for such

a pronouncement from either United States Supreme Court or the Pennsylvania Supreme Court. We therefore conclude that Buli's final argument merits no relief.

As Buli has failed to establish that the PCRA court erred in concluding that the timeliness exception contained in section 9545(b)(iii) did not apply, we affirm the order of the PCRA court.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2015