J-S48001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH HICKS | |
| Appellant | No. 59 WDA 2014 |

Appeal from the PCRA Order December 9, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0010400-1995

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED OCTOBER 26, 2015**

Appellant, Keith Hicks, appeals form the order denying his petition pursuant to the Post Conviction Relief Act ("PCRA").   In essence, Hicks requests that we overturn the Supreme Court of Pennsylvania's decision in ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013).  Since we cannot do so, we affirm.

On April 1, 1996, Hicks was sentenced to life in prison pursuant to being convicted of homicide.  This Court affirmed the judgment of sentence on December 9, 1997, and Hicks filed a timely, *pro se* PCRA petition on December 10, 1998.  Counsel was appointed, an amended PCRA petition was filed, and numerous requests for extension were granted.  However, the docket entries reveal no decision on the petition, and no progress in the

matter from 2007 to July 9, 2012, when Hicks filed another *pro se* PCRA petition.

New counsel was appointed, who requested and received a stay of proceedings pending the Pennsylvania Supreme Court's decision in **Cunningham**. After **Cunningham** was filed, the Commonwealth filed an answer to Hicks's petition, and Hicks filed, *inter alia*, a counseled amended PCRA petition. On December 9, 2013, the PCRA court denied Hicks's petition. This timely appeal followed.

On appeal, Hicks raises several arguments, all of which seek to overturn the Pennsylvania Supreme Court's decision in **Cunningham**. As Hicks notes, this issue is presently before the Supreme Court of the United States.[1] However, this circumstance does not empower this Court to disregard existing precedent from the Supreme Court of Pennsylvania. **See Eckman v. Erie Ins. Exchange**, 21 A.3d 1203, 1207 (Pa. Super. 2011) (Superior Court is bound by existing precedent). Thus, we have no power to overrule **Cunningham**, and must affirm the order of the PCRA court.

Order affirmed. Jurisdiction relinquished.

---

[1] **Montgomery v. Louisiana**, 135 S.Ct. 1546, cert. granted March 23, 2015.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/26/2015