J-A22039-17

2018 PA Super 267

| | |
|---|---|
| KENNETH MURRAY, ROBERT SCHNALL, MICHAEL SCOTT, JOHN SENESE, JOHN SHURINA, JOHN SIGNORILE, KEVIN SOKOL, ANTHONY TRICARICO, FRANK VENTRELLA, JOSEPH VITALE, PATRICK VOGT, HENRY WHITE, WILLIAM WHITE, THOMAS WOSKA AND WILLIAM YOUNGSON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| AMERICAN LAFRANCE, LLC AND FEDERAL SIGNAL CORPORATION, | |
| Appellees | No. 2105 EDA 2016 |

Appeal from the Order May 25, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: November Term, 2015 No. 02536

| | |
|---|---|
| ANDREW BURNS, DOUGLAS KALBACHER, MICHAEL KOZAK, KEVIN KUBLER, JAMES LEMONDA, JOSEPH LOCHER, PATRICK LYONS, JOHN P. MALLEY, JOE MASTERSON, BRIAN MCDADE, KEVIN MCENERY, WILLIAM MONTEVERDE, VINCENT MOSCA, GERARD MURTHA, KEITH PALUMBO, JOEL PATTI, RICHARD PEITLER, DONALD REILLY, MARIO ROSATO, ROBERT RYAN AND FRANCIS TRAPANI, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| AMERICAN LAFRANCE, LLC AND FEDERAL SIGNAL CORPORATION | |

|                                                    |                                           |
| -------------------------------------------------- | ----------------------------------------- |
| Appellee                                           | No. 2106 EDA 2016                         |

Appeal from the Order May 25, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: November Term, 2015 No. 02494

|                                                    |                                           |
| -------------------------------------------------- | ----------------------------------------- |
| MIGUEL MORENO, NEIL MULLINS, JOHN NEVOLA, ROBERT O'FLAHERTY, JAMES O'ROURKE, MICHAEL PAGLIUCA, SAMUEL PANASCI, RONALD PATTILIO, JOEL PERECA, DANIEL PERITORE, VINCENT PINTO, CHRISTOPHER RAMOS, ROBERT REICH, ROCCO RINALDI, JAMES RUSSO, GREGORY SALONE, JAMES SAVARESE, WILLIAM SCHEU, KENNETH SMITH, JOHN SULLIVAN AND WARREN TERRY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|                                                    |                                           |
| Appellants                                         |                                           |
|                                                    |                                           |
| v.                                                 |                                           |
|                                                    |                                           |
| AMERICAN LAFRANCE, LLC AND FEDERAL SIGNAL CORPORATION, |                                       |
|                                                    |                                           |
| Appellees                                          | No. 2107 EDA 2016                         |

Appeal from the Order May 25, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: November Term, 2015 No. 02522

|                                                    |                                           |
| -------------------------------------------------- | ----------------------------------------- |
| MICHAEL FELDMAN, RONALD FERRANTE, CHARLES FEYH, DONALD FLORE, JOHN FORTUNATO, FRANK GACCIONE, ROBERT GLEISSNER, JAMES HELFRICH, FRANK INGOGLIA, ROBERT LABATTO, JOHN LILLIS, THOMAS LYONS, EUGENE | IN THE SUPERIOR COURT OF PENNSYLVANIA |

MAHLSTED, JAMES MASONE, EDWARD MAURO, SEAN MCCOYD, JOHN MCGONIGLE, EUGENE MCGOWAN, JR., JOHN MCLAUGHLIN, ERIC MICHELSEN AND PAUL MILLER,

Appellants

v.

AMERICAN LAFRANCE, LLC AND FEDERAL SIGNAL CORPORATION

Appellee

No. 2108 EDA 2016

Appeal from the Order May 25, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: November Term, 2015 No. 02514

RICHARD BARBARISE, JAMES BERGHORN, STEVEN BERNIUS, VASILIOS CHRISTODOULOU, GAETANO DIMAURO, JOHN FLYNN, WILLIAM GRAHAM, PETER GUNTHER, THOMAS LORELLO, JAMES MANGRACINA, NORMAN MARSTON, JOSEPH MAURER, ROBERT MCGUIRE, ROBERT MOCCIA, JOHN MORABITO, WILLIAM MUNDY, STANLEY PEACOCK, SALVATORE ROSINA, DONALD RUDDEN, THOMAS SCALLY, ROBERT SCHULTZ, PATRICK SCHWEIGER, RICHARD SCOTT, FRANK SFORZA, PATRICK SHANNON, EDMUND SULLLIVAN, FREDERICK SUTTON, FRANCIS ULMER, RICHARD WALIGOVSKA, PAUL WEIS, JUSTIN WERNER AND RUDY WICKLEIN,

Appellants

v.

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

- 3 -

AMERICAN LAFRANCE, LLC AND
FEDERAL SIGNAL CORPORATION

              Appellee

No. 2109 EDA 2016

Appeal from the Order May 25, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: December Term, 2015 No. 000187

ROOSEVELT ADAMS, ANTHONY ASARO,
EUGENE BIANCONE, SALVATORE
BONGIOVANNI, STEPHEN BROWN,
MICHAEL CAIN, ROBERT CANZONERI,
MICHAEL CARLIN, RAYMOND CLANCY,
CASEY COLWELL, ROBERT CONDON,
CHRISTIAN CORBIN, THOMAS
COURTENAY, DANIEL COYLE, RAYMOND
CREEDE, AUSTIN CSORNY, FRANK
DEANGELO, PATRICK DIMICHELE, JOHN
DRISCOLL AND KENNETH ERB,

              Appellants

              v.

AMERICAN LAFRANCE, LLC AND
FEDERAL SIGNAL CORPORATION

              Appellee

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 2110 EDA 2016

Appeal from the Order May 25, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: November Term, 2015 No. 002490

RICHARD ABBOTT, VINCENT ANZELONE,
RICHARD BURBAN, DANIEL BUTLER,
EDWARD CACHIA, VICTOR CARLUCCI,
JOSEPH CLERICI, DERMOTT CLOWE,
FRED CORTESE, ANTHONY CUMMO,
STEVEN FERRARO, ROCCO FERTOLI,

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

J-A22039-17

DAVID FISCHBEIN, CHARLES FORTIN,
STEVEN GRECO, GARY HOEHING,
WILLIAM HOPKINS, GREGORY HORAN,
SCOTT HUMMEL, JOSEPH INGRISANI
AND RONALD PATTILIO,

                    Appellants

          v.

AMERICAN LAFRANCE, LLC AND
FEDERAL SIGNAL CORPORATION

                    Appellee                    No. 2111 EDA 2016


Appeal from the Order May 25, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: November Term, 2015 No. 002492


BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.*

OPINION BY PLATT, J.:                    **FILED SEPTEMBER 25, 2018**

     Appellants, Kenneth Murray, et al., Andrew Burns, et al., Miguel Moreno,

et al., Michael Feldman, et al., Richard Barbarise, et al., Roosevelt Adams, et

al., and Richard Abbott, et al.,[1] appeal from the trial court's May 25, 2016

orders sustaining the preliminary objections of Appellee, Federal Signal

Corporation, and dismissing Appellants' complaints[2] for lack of personal

jurisdiction.   Specifically, Appellants claim that Appellee consented to

_____

* Retired Senior Judge assigned to the Superior Court.

[1] We have listed the names of all plaintiffs in the caption for each of these
consolidated cases.  We only list the name of the lead plaintiff here for brevity.

[2] Appellants' seven cases were consolidated by this Court on March 13, 2017.

- 5 -

jurisdiction in Pennsylvania when it registered as a foreign corporation. We are constrained to agree, thus we vacate the May 25, 2016 orders and remand these cases to the trial court.

We take the relevant factual and procedural history of these cases from our review of the certified records. Appellants filed complaints alleging that they suffered hearing loss as a result of excessive sound exposure from fire engine sirens while working for the New York Fire Department. Specifically, they asserted claims of strict liability and negligence against Appellee, a manufacturer of sirens for use in fire apparatus.

On March 4, 2016, Appellee filed preliminary objections to Appellants' complaints, arguing that the court lacked personal jurisdiction over it because: its principal place of business is in Illinois; it does not have corporate offices in Pennsylvania; it is not a Pennsylvania domestic company; it does not own or lease real property in Pennsylvania; it does not have bank accounts in Pennsylvania; it does not design or manufacture any products in Pennsylvania; and its contacts with Pennsylvania are minimal. (*See* Brief in Support of Preliminary Objections, 3/04/16, at 2). On May 25, 2016, the trial court, concluding that Appellee was not "at home" in Pennsylvania, sustained its preliminary objections and dismissed all claims against it. (*See* Orders, 5/25/16; Trial Court Opinion, 10/25/16, at 4). This timely appeal followed.[3]

_____

[3] The trial court did not order Appellants to file a concise statement of errors complained of on appeal. It entered its opinion on October 25, 2016. *See* Pa.R.A.P. 1925.

- 6 -

Appellants raise one issue on appeal: "Whether the [t]rial [c]ourt made an error of law in sustaining []Appellee's [p]reliminary [o]bjections and dismissing the action based on lack of personal jurisdiction[?]" (Appellants' Brief, at 4).

Preliminarily, we must address Appellee's assertion that Appellants waived this issue by failing to argue before the trial court, in response to preliminary objections, that personal jurisdiction is proper based on a statute or consent. (**See** Appellee's Brief, at 5-10).[4] Specifically, Appellee maintains that Appellants argued only that jurisdiction was proper because of continuous and systematic contacts, **see** 42 Pa.C.S.A. § 5301(a)(2)(iii), before the trial court; thus, they waived any claim of jurisdiction based on either registration as a foreign corporation, **see id.** at § 5301(a)(2)(i), or consent, **see id.** at § 5301(a)(2)(ii). We disagree.

> Although under Pennsylvania Rule of Appellate Procedure 302(a) issues not raised below are waived, our Supreme Court has held that "[t]here is no requirement in the Rules of Civil Procedure that the non-moving party respond to a preliminary objection, nor must that party defend claims asserted in the complaint. Failure to respond does not sustain the moving party's objections by default, nor does it waive or abandon the claim." **Uniontown Newspapers, Inc. v. Roberts**, 576 Pa. 231, 839 A.2d 185, 190 (2003). . . .

**Dixon v. Nw. Mut.**, 146 A.3d 780, 783–84 (Pa. Super. 2016). Here, Appellee filed the preliminary objections, thus Appellants were the non-moving party. Accordingly, they did not waive their personal jurisdiction claim by failing to

_____

[4] Appellants did not address Appellee's waiver argument in their reply brief.

argue before the trial court that jurisdiction was proper under sections 5301(a)(2)(i) or (ii). ***See id.*** Therefore, we turn to the merits of Appellants' claim that the trial court erred when it sustained the preliminary objections.

Our standard of review of a trial court's order sustaining preliminary objections is well-settled.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

***Haas v. Four Seasons Campground, Inc.***, 952 A.2d 688, 691 (Pa. Super. 2008) (citations omitted). Moreover,

> when deciding a motion to dismiss for lack of personal jurisdiction[,] the court must consider the evidence in the light most favorable to the non-moving party. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion. Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it.

***Schiavone v. Aveta***, 41 A.3d 861, 865 (Pa. Super. 2012)[, *affirmed*, 91 A.3d 1235 (Pa. 2014)] (citation omitted).

***Sulkava v. Glaston Finland Oy***, 54 A.3d 884, 889 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1282 (Pa. 2013).

In their issue, Appellants claim that the trial court erred when it sustained Appellee's preliminary objections for lack of personal jurisdiction. (**See** Appellants' Brief, at 11-15). Specifically, they argue that Appellee's registration as a foreign corporation in Pennsylvania under 42 Pa.C.S.A. § 5301(a)(2) constitutes consent to general personal jurisdiction in Pennsylvania. (**See id.**). We agree.

"For Pennsylvania courts to acquire general personal jurisdiction over foreign corporations, one of the following must apply: the business must have been incorporated in Pennsylvania, must consent to the exercise of jurisdiction, or must carry on a continuous and systematic part of its general business in the Commonwealth." *Moyer v. Teledyne Cont'l Motors, Inc.*, 979 A.2d 336, 349 (Pa. Super. 2009), *affirmed*, 28 A.3d 867 (Pa. 2011) (citation and quotation marks omitted). Pennsylvania's general personal jurisdiction statute provides:

> **(a) General rule.**—The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
>
> \* \* \*
>
> (2) Corporations.—
>
> (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.
>
> (ii) Consent, to the extent authorized by the consent.

> (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.
>
> * * *

42 Pa.C.S.A. § 5301(a)(2)(i)-(iii).

In **Daimler AG v. Bauman**, 134 S. Ct. 746 (2014), the Supreme Court of the United States considered the issue of general personal jurisdiction over a foreign corporation.[5] It held that due process did not permit exercise of general personal jurisdiction over a corporation in a state where that corporation was not "at home." **Daimler**, **supra** at 762. **Daimler** did not discuss consent to general jurisdiction based on business registration laws.

We observe that whether a foreign corporation consents to general personal jurisdiction in Pennsylvania by registering to do business in the Commonwealth is a matter of first impression in this Court. Our review of the caselaw has revealed that neither this Court nor our Supreme Court has had the occasion to determine whether, post-**Daimler**, registering to do business as a foreign corporation in the Commonwealth constitutes consent for the purposes of exercising general personal jurisdiction. However, **Bors v.**

---

[5] Specifically, it considered whether the Due Process Clause precluded the court from exercising jurisdiction over Daimler in a complaint wherein Argentinian residents brought suit against Daimler in California arguing that the Argentinian Daimler subsidiary was complicit with government atrocities in Argentina's Dirty War. **See Daimler**, **supra** at 750-51.

*Johnson & Johnson*, 208 F. Supp. 3d 648 (E.D. Pa. 2016), provides a persuasive, well-reasoned analysis and we cite it with approval.[6]

In *Bors*, *supra*, the district court considered whether *Bane v. Netlink, Inc.*, 925 F.2d 637 (3d Cir. 1991),[7] remained good law or whether *Daimler* eliminated consent by registration under section 5301 as a basis for jurisdiction. *See Bors*, *supra* at 653-54. The *Bors* court reasoned that "Pennsylvania's statute specifically advises the registrant of the jurisdictional effect of registering to do business[,]" and concluded that "[c]onsent remains a valid form of establishing personal jurisdiction under the Pennsylvania registration statute after *Daimler*." *Id.* at 655; *see also Hegna v. Smitty's Supply, Inc.*, 2017 WL 2563231, at *4 (E.D. Pa. filed June 13, 2017) ("conclud[ing] that, by registering to do business under § 5301, Smitty's consented to general personal jurisdiction in Pennsylvania and that its consent is still valid under *Goodyear* [*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011),] and *Daimler*.").

_____

[6] Although this Court is not bound by the decisions of federal courts, we may look to them for guidance to the degree we find useful. *See Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 37 (Pa. 2006); *Eckman v. Erie Ins. Exch.*, 21 A.3d 1203, 1207 (Pa. Super. 2011).

[7] In *Bane*, the Third Circuit Court of Appeals considered whether it had jurisdiction over a foreign corporation based solely on the fact that it registered as a foreign corporation and obtained authorization to conduct business in Pennsylvania. *See Bane*, *supra* at 638-39. The court held that "such registration by a foreign corporation carries with it consent to be sued in Pennsylvania courts." *Id.* at 640.

In this case, Appellee registered as a foreign corporation to do business in Pennsylvania. (**See** Preliminary Objections, Exhibit B, at 1). In doing so, we hold that it consented to general personal jurisdiction in Pennsylvania. **See Sulkava**, **supra** at 889; **Bors**, **supra** at 655; **see also Bane**, **supra** at 640. Therefore, based on the relevant caselaw, and the language of section 5301(a), we conclude that the trial court erred when it dismissed these actions for lack of personal jurisdiction.[8] Accordingly, we vacate the orders sustaining the preliminary objections, and remand these cases to the trial court.

Orders vacated, cases remanded, jurisdiction relinquished.

Judge Lazarus joins the Opinion.

Judge Bowes files a Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2018

---

[8] Because we hold that Appellee consented to jurisdiction, we decline to consider whether general jurisdiction would have existed based on its continuous and systematic contacts with the Commonwealth.