566 A.2d 1253

**PHILMAR MID–ATLANTIC, INC., Appellant,**

v.

**YORK STREET ASSOCIATES II, t/a and d/b/a Centre Point Place and Robert J. Waters, Appellees.**

Superior Court of Pennsylvania.

Argued Aug. 17, 1989.

Filed Dec. 8, 1989.

Ronald J. Smolow, Trevose, for appellant.

John P. Koopman, Langhorne, for appellees.

Before WIEAND, BECK and MONTGOMERY, JJ.

WIEAND, Judge:

In this action by Philmar Mid–Atlantic, Inc. (Philmar) against York Street Associates II, t/a Centre Point Place (York Street) and Robert J. Waters, the plaintiff attempted to enforce and recover damages for breach of an alleged agreement to lease space in a shopping center in Warminster Township, Bucks County. Defendants filed preliminary objections in which they asserted that the document relied upon by the plaintiff contained express language that it was not intended to be a binding agreement and was subject to further negotiations regarding the terms of a written lease. The trial court agreed, sustained the preliminary objections in the nature of a demurrer, and dismissed the complaint with prejudice. Plaintiff appealed.

█ The written document upon which the plaintiff-appellant's alleged cause of action is based is a letter containing terms to be incorporated into a lease of space for a Kentucky Fried Chicken outlet. The first paragraph of the letter is as follows:

The following represents the terms and conditions that I would be willing to recommend to the partners of York Street Associates II for a new Kentucky Fried Chicken store to be located in our proposed shopping center in Warminster, PA.

It concludes:

This Letter of Intent is non-binding on the parties and is subject to the approval of a mutually satisfactory lease by LANDLORD and TENANT. If such lease is not negotiated and executed by the parties, they shall have no rights against each other.

The letter was signed by an employee of the real estate agency which had conducted negotiations on behalf of the owner, and was approved by the President of Philmar, the appellant corporation.

Lease negotiations subsequently broke down, and the parties did not execute a formal lease as contemplated by the letter of intent. An application for a zoning variance by the defendant corporation on behalf of the plaintiff-appellant was withdrawn by defendant when it became apparent that the zoning board had objections to construction of a fast food restaurant with drive-through service. York Street thereafter notified Philmar that it would not negotiate further. Philmar then filed suit.

██ A preliminary objection in the nature of a demurrer admits all well pleaded facts as well as inferences which are fairly deducible therefrom. *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 623, 470 A.2d 86, 91 (1983); *Creeger Brick v. Mid–State Bank*, 385 Pa.Super. 30, 32, 560 A.2d 151, 152 (1989); *McGaha v. Matter*, 365 Pa.Super. 6, 8, 528 A.2d 988, 989 (1987). However, it does not admit conclusions of law. *Wicks v. Milzoco Builders, Inc., supra; Mudd v. Hoffman Homes for Youth, Inc.*, 374 Pa.Super. 522, 524, 543 A.2d 1092, 1093 (1988). In the context of a demurrer, moreover, it is not necessary to accept as true averments in the complaint which are in conflict with exhibits attached to the complaint. *Schuylkill Prod. v. H. Rupert & Sons, Inc.*, 305 Pa.Super. 36, 39 n. 2, 451 A.2d 229, 231 n. 2 (1982);

*Framlau Corp. v. Delaware County*, 223 Pa.Super 272, 277, 299 A.2d 335, 338 (1972). A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim on which relief may be granted. *Wicks v. Milzoco Builders, Inc., supra; Creeger Brick v. Mid–State Bank, supra; Mull v. Kerstetter,* 373 Pa.Super. 228, 229–230, 540 A.2d 951, 951 (1988). A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory of law. *Wicks v. Milzoco Builders, Inc., supra; Creeger Brick v. Mid–State Bank, supra.*

A mutual manifestation of intent to be bound is an essential element of a contract. *Rusiski v. Pribonic,* 326 Pa.Super. 545, 551, 474 A.2d 624, 627 (1984); *Courier Times v. United Feature Syndicate,* 300 Pa.Super. 40, 54, 445 A.2d 1288, 1295 (1982). It is true, as appellant asserts, that where the parties have settled on the terms of an agreement, the intent to later formalize that agreement by writing does not prevent the formation of a contract. *Field v. Golden Triangle Broadcasting, Inc.,* 451 Pa. 410, 418, 305 A.2d 689, 693 (1973), *cert. denied,* 414 U.S. 1158, 94 S.Ct. 916, 39 L.Ed.2d 110 (1974). Absent a manifestation of an intent to be bound, however, negotiations concerning the terms of a possible future contract do not result in an enforceable agreement. *Goldman v. McShain,* 432 Pa. 61, 68, 247 A.2d 455, 458 (1968); *Kazanjian v. New England Petroleum Corp.,* 332 Pa.Super. 1, 7, 480 A.2d 1153, 1157 (1984).

In the instant case, the real estate agent's letter is to the effect that it will recommend certain terms to the owners. Moreover, the terms contained in the letter are not binding and are subject to future approval by the owner who must agree to a lease containing terms which are mutually satisfactory. In the absence of mutual assent to an agreement of lease containing satisfactory terms, there can be no binding contract.

■ The appellant argues that if the letter of intent did not create a binding contract, it did impose upon the owner a duty to negotiate in good faith. This duty to negotiate in good faith, appellant contends, was breached when the owner unilaterally withdrew the application for a zoning variance and terminated further negotiations.

Pennsylvania courts have not considered whether a letter of intent gives rise to an obligation to negotiate in good faith. The Court of Appeals for the Third Circuit, in *Channel Homes Centers v. Grossman*, 795 F.2d 291 (3d Cir.1986), concluded that under Pennsylvania law such a contract would arise where: (1) both parties had manifested an intention to be bound by the agreement; (2) the terms of the agreement were sufficiently definite to be enforced; and (3) consideration had been given. The court there enforced a duty to negotiate in good faith, with a view toward a formal lease agreement, because the letter of intent contained an unequivocal promise to negotiate.

Appellant's contention that the letter of intent in this case created a binding promise to negotiate a formal lease must fail. There is no cause of action to enforce a contract absent a mutual manifestation of assent to be bound. *Channel Homes Centers v. Grossman, supra; Kazanjian v. New England Petroleum Corp., supra* at 7, 480 A.2d at 1157; *Courier Times v. United Feature Syndicate, supra* at 54, 445 A.2d at 1295. The letter of intent in this case does not disclose any agreement, not even an agreement to negotiate. Instead, it provided specifically that neither party was to be bound until a mutually satisfactory lease had been negotiated and executed.

■ Appellant's final assertion that the trial court abused its discretion by failing to allow the filing of a second amended complaint is also lacking in merit. Where it appears that a defective complaint cannot be cured by amendment, preliminary objections in the nature of a demurrer may be sustained and the complaint dismissed without further leave to amend. *Banker v. Valley Forge Insurance Co.*, 363 Pa.Super. 456, 465, 526 A.2d 434, 438

(1987); *Framlau Corp. v. Delaware County, supra,* 223 Pa.Superior Ct. at 278, 299 A.2d at 338.   The appellant in this case has failed to state a cause of action, and the letter of intent, by its terms, prevents appellant from pleading an enforceable contract.   Further amendment, therefore, will not enable appellant to plead a valid cause of action.

The order sustaining defendant's preliminary objections in the nature of a demurrer and dismissing the complaint with prejudice is affirmed.