**Decker v. Nationwide Insurance Company**

376

*Jill H. Miller,* for plaintiffs.

*James C. Haggerty* and *Mary C. Doherty,* for defendant Nationwide.

*Charles E. Haddick Jr.* and *Bryon R. Kaster,* for defendant Robert G. Turano Insurance Co.

MINORA, *J.,* June 5, 2007—

## INTRODUCTION

The instant issue before the court is the disposition of preliminary objections filed by defendants Nationwide Insurance Company and Robert G. Turano Insurance Agency. Two separate complaints were filed at captions 05 CV 1863 and 06 CV 2119. The court has elected to address these claims separately. Our ruling on defendant Nationwide's motion for summary judgment in response to plaintiffs' complaint at 05 CV 1863 was filed on April 16, 2007. (Attached hereto as "exhibit A" [not published herein].) The preliminary objections here before the court were filed in response to plaintiffs' complaint filed to 06 CV 2119.

## PROCEDURAL HISTORY

We incorporate the statement of facts included in our opinion disposing of defendant Nationwide's motion for summary judgment filed to 05 CV 1863. In their complaint filed to 06 CV 2119, plaintiffs set forth the following counts against defendants Nationwide and Turano:

"Count I—Fraud—John and Cara Decker v. Nationwide Insurance Company.

"Count II—Fraud—John and Cara Decker v. Turano Insurance Agency.

"Count III—Breach of fiduciary duty—John and Cara Decker v. Turano Insurance Agency.

"Count IV—Bad faith—John and Cara Decker v. Nationwide Insurance Company."

On May 31, 2006, Defendants Turano and Nationwide together filed preliminary objections in response to plaintiffs' complaint at 06 CV 2119. Specifically, defendant Turano filed a preliminary objection in response to plaintiffs' Count III, breach of fiduciary duty. Defendant Nationwide filed a preliminary objection in response to plaintiffs' Count IV, bad faith. Plaintiffs filed a brief in opposition to defendants' preliminary objections on September 6, 2006. Argument was held before this court on October 6, 2006. The matter is now ripe for disposition.

## PRELIMINARY OBJECTIONS

In response to plaintiffs' complaint filed to 06 CV 2119, defendant Turano Insurance Agency submitted preliminary objections in the nature of a demurrrer to Count III, breach of fiduciary duty. Also, defendant Na-

tionwide submitted preliminary objections in the nature of a demurrer to Count IV, bad faith.

### (a) *Preliminary Objections Standard*

"Preliminary objections in the nature of [a] demurrer test the legal sufficiency of the plaintiff's complaint." *Sexton v. PNC Bank,* 792 A.2d 602, 604 (Pa. Super. 2002). "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Mistick Inc. v. Northwestern National Casualty Company,* 806 A.2d 39, 42 (Pa. Super. 2002). As stated by our Commonwealth Court:

"A demurrer is an assertion that a complaint does not set forth a cause of action upon which relief can be granted. *Vartan v. Commonwealth,* 151 Pa. Commw. 86, 91, 616 A.2d 160, 163 (1992). In disposing of a demurrer, every well pleaded, material, relevant fact set forth in the pleading to which it is filed, together with all reasonable inferences therefrom, are admitted as true. *Id.* A demurrer will be sustained only where a plaintiff's complaint or pleading shows with certainty that upon the facts averred therein the law will not permit the plaintiff to recover. *Id.* If there is any doubt, this should be resolved in favor of overruling the demurrer. *Gekas v. Shapp,* 469 Pa. 1, 6, 364 A.2d 691, 693 (1976). A demurrer does not admit conclusions of law. *Philmar Mid-Atlantic Inc. v. York Street Associates,* 389 Pa. Super. 297, 300, 566 A.2d 1253, 1254 (1989)." *Firetree Ltd. v. Department of General Services,* 920 A.2d 906, 911 (Pa. Commw. 2007).

### (b) *Breach of Fiduciary Duty*

Defendant Turano cites several Pennsylvania decisions that determined no fiduciary duty exists between an in-

sured and the insurance company. See defendant Turano's brief in support of preliminary objections, note 1. "[N]o fiduciary [duty] exists between an insurance company and its insured." *Chenot v. Metropolitan Life Insurance Company,* 47 D.&C.4th 332, 335 (Butler Cty. 2000).

As examined in *26 E. Oregon Ave. L.P. v. Fidelity Nat. Title Ins. Co.:*

"In Pennsylvania, a breach of fiduciary duty claim against an insurer by an insured is synonymous with a breach of contractual duty of good faith and fair dealing. *Gideon v. State Farm Mutual Insurance Co.,* 410 Pa. 55, 188 A.2d 320, 322 (1963). As such, a breach of fiduciary duty claim is redundant of a breach of contract claim against an insurer. *Moreover, no fiduciary relationship exists between an insurer and its insured. Instead, the relationship between the insured and the insurer is one of buyer and seller.* See *Pennsylvania Chiropractic Association v. Independence Blue Cross,* 2001 WL 1807781 *9 (Pa.Com.Pl. July 16, 2001)." 2004 WL 2474063 *5 (Phila. Cty. 2004). (emphasis added)

We recognize the various cases cited by the plaintiffs attempting to classify the relationship between plaintiffs and defendant Turano, an insurance agent, as one meriting a fiduciary duty. See plaintiffs' brief in opposition to defendant Turano's preliminary objections, at 7-8.

Other cases decided in Pennsylvania provide us with guidance on evaluating defendant Turano's preliminary objection to plaintiffs' claim for breach of fiduciary duty. In *Swantek v. Prudential Property & Casualty Insurance Co.,* 48 D.&C.3d 42 (Erie Cty. 1988), the plaintiffs sued their insurance company and insurance agent after plaintiffs' uninsured motorist coverage was not adequate to

compensate the injured plaintiff for her injuries. The plaintiffs raised a claim for negligence against the defendant insurance company and agent. The court described plaintiffs' claim asserted against the defendant agent as follows:

"[I]t is plaintiffs' position that Prudential, by and through its agent, Joseph Fries, acting on behalf of Prudential, was negligent for not completely reviewing all aspects of their insurance coverage giving due consideration to its availability, its costs and the financial resources of plaintiffs which would enable them to purchase certain insurance. . . . *They [plaintiffs] also have alleged that the relationship between plaintiffs and defendant Joseph Fries was unique in that they relied heavily on his expertise in this matter. Based on this, they have brought the present claim against Prudential and Joseph Fries as Prudential's agent and its authorized representative.*" *Id.* at 43-44. (emphasis added)

Breach of fiduciary duty was not named as a claim in *Swantek.* A good portion of the court's opinion, however, explored the competency standard that insureds should expect from an insurance agent. The *Swantek* court followed the standard articulated in *Peterson v. State Farm Insurance Co.,* 133 P.L.J. 437 (1985), which applied the Restatement (Second) of Torts, §299. The court stated:

"As did the court in *Peterson,* this court now concludes that an insurance agent is held to the standard of care found in section 299 of the Restatement (Second) of Torts, and given that standard the agent has a correlative duty to advise insureds of the availability of other types of insurance benefits. Moreover, a cause of action exists

where the agent allegedly breaches this duty." *Swantek,* 48 D.&C.3d at 47.

In ruling on defendant's motion for summary judgment, the court determined that outstanding issues of fact precluded the court from granting the motion. Specifically, the court provided:

"Certain questions surround the relationship the plaintiffs had with the insurance agent, and what they expected from the relationship. It is not apparent from the record whether the agent advised and counseled the plaintiffs or to what extent plaintiffs relied on the[ir] agent. These questions, among others, need to be addressed before the court can grant summary judgment." *Id.* at 48.

More recently, the question of whether a claim for breach of fiduciary duty may be raised against an insurance agent was addressed in *Seiss v. Sherman,* 49 D.&C.4th 367 (Butler Cty. 2000). In *Seiss,* defendant insurance company and defendant agent jointly filed a preliminary objection in the nature of a demurrer to the plaintiff's claim for breach of fiduciary duty. The court sustained joint defendants' (insurance company and agent) preliminary objection to plaintiff's breach of fiduciary duty claim, as a fiduciary duty was not found by the court to exist between an insurance company and its insured. *Id.* at 373-74. In *Seiss,* therefore, the insurance company and its agent were considered as a single entity for purposes of considering the breach of fiduciary duty claim.

We find, to the contrary of *Seiss, supra,* that it is appropriate to consider the insurance company and the insurance agent separate entities for purposes of evaluat-

ing whether plaintiffs have a viable claim for breach of fiduciary duty against defendant Turano. Allegedly, defendant Turano was made aware of detailed circumstances relating to plaintiff John Decker's employment. Following the standard in *Swantek, supra,* we consider it important to determine the level of involvement defendant Turano had in advising plaintiffs of the appropriate insurance policy and product to fit their needs. Defendant Turano's preliminary objection to Count III of plaintiffs' complaint, breach of fiduciary duty, is denied.

### (c) *Bad Faith*

Plaintiffs' claim for bad faith was raised against defendant Nationwide. The Pennsylvania Superior Court has defined bad faith:

" 'Bad faith' on the part of [the] insurer is any frivolous or unfounded refusal to pay proceeds of policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Adamski v. Allstate Insurance Company,* 738 A.2d 1033, 1036 (Pa. Super. 1999). (citations omitted)

The available relief for a bad faith claim is provided in 42 Pa.C.S. §8371.[1]

---

1. We recognize that 42 Pa.C.S. §8371 has been held conflict preempted by ERISA in *Barber v. Unum Life Insurance Company of America,* 383 F.3d 134 (3d Cir. 2004).

At the preliminary objections stage of the pleadings and under the standard for evaluating a demurrer to the plaintiffs' complaint, we find that defendant Nationwide's preliminary objection to plaintiffs' claim for bad faith is denied. Plaintiffs' complaint alleged, "The actions of defendant, Nationwide Insurance Company, in refusing to pay plaintiff's claim under the policy and failing or refusing to provide proper and adequate insurance coverage after accepting and retaining premium payments, constitutes bad faith as defined under 42 Pa.C.S. §8371 . . . ." See plaintiffs' complaint at ¶59. Plaintiffs' complaint alleges only that defendant Nationwide failed to make the payments pursuant to its obligation to plaintiffs.

As stated *supra,* "A demurrer will be sustained *only where a plaintiff's complaint* or pleading *shows with certainty that upon the facts averred therein* the law will not permit the plaintiff to recover." *Firetree Ltd. v. Department of General Services,* 920 A.2d at 911 (emphasis added) (citing *Vartan v. Commonwealth,* 151 Pa. Commw. 86, 91, 616 A.2d 160, 163 (1992)). Defendant Nationwide's demurrer to plaintiffs' count for bad faith cannot be granted at this stage as the complaint addresses *only* the assertion that plaintiffs paid premiums

---

The language of 42 Pa.C.S. §8371 is provided as follows:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorneys fees against the insurer."

to defendant Nationwide and therefore plaintiffs were entitled to certain coverage in exchange for these payments made. Therefore, under the demurrer standard, it is not clear from the complaint that the plaintiffs are not entitled to recover from defendant Nationwide for bad faith.

An appropriate order ruling on these preliminary objections follows.

## ORDER

And now, June 5, 2007, defendant Turano's preliminary objection in the nature of a demurrer to Count III of plaintiffs' complaint, breach of fiduciary duty, is denied.

Defendant Nationwide's preliminary objection in the nature of a demurrer to Count IV of plaintiffs' complaint, bad faith, is denied.