J-A17044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BOYDS, LP | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TUNG TO AND JOHN DOE, INC., D/B/A "TOBOX" | |
| Appellees | No. 3517 EDA 2014 |

Appeal from the Order Entered December 3, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 131100048

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED AUGUST 28, 2015**

Appellant, Boyds, LP, appeals from the order entered in the Philadelphia County Court of Common Pleas, which deemed as final the order sustaining in part and overruling in part the preliminary objections of Appellees, Tung To and John Doe, Inc., d/b/a/ "ToBox," and the order denying Appellant's petition for a preliminary injunction.  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant is a high-end clothing retailer in Philadelphia, with several departments, including men and women's footwear.  Appellee Tung To ("Appellee To") entered into an employment agreement ("Agreement") with Appellant on September 27, 2009, to work as a floor manager and buyer for Appellant's footwear department.  The Agreement contained a covenant

("Non-Compete Covenant"), which provided:

**Nondisclosure, Confidentiality, Non-Interference and Covenant Not to Compete**

Employee acknowledges that all documents pertaining to Employer's clients, suppliers, advertisements, vendors, manufacturers, designers, clothing lines, prices, sales, profits, inventory and/or any other information related to Employer's business, as they may exist from time to time is a valuable, special and unique asset of Employer's business. Employee will not, during or after the term of his/her employment, disclose said documents and or information to any person, firm, corporation, association or other entity for any reason or purpose whatsoever, except for the business of Employer. In the event of a breach or threatened breach by Employee of the provisions of this paragraph, Employer shall be entitled to an injunction restraining Employee from disclosing in whole or in part, any and all documents pertaining to Employer's clients, suppliers, advertisements, vendors, manufacturers, designers, clothing lines, prices, sales, profits, inventory and/or any and all other information related to Employer's business or from rendering any services to any person, firm corporation, association or other entity to whom such information in whole or in part, has been disclosed or is threatened to be disclosed. Nothing herein shall be construed as prohibiting Employer from pursuing any other remedies available to Employer for such breach or threatened breach, including the recovery of damages from Employee.

In consideration of the execution and delivery by Employer of this agreement, Employee covenants and agrees that:

   (a)   Employee will not at any time or for any reason, directly or indirectly, for himself/herself or any other person, use any name or use or disclose any trade secret, customer list, supplier, advertiser, vendor, manufacturer, designer, business or other material confidential information of Employer.

   (b)   For a period commencing with the date hereof and ending twelve (12) months after

termination of the employment provisions of this Agreement, Employee shall not directly or indirectly, for himself/herself or any other person induce or attempt to influence any supplier, vendor manufacturer, designer, advertiser and/or any customer or employee of Employer, or any affiliate of Employer, to terminate its business with Employer or any affiliate Employer.

**Covenant Not to Compete**

Employee acknowledges that during the term of his/her employment with Employer, that Employer shall invest substantial time, efforts and money in developing goodwill with its clients and customers, business affiliates and suppliers. This goodwill is a highly valuable asset of [Appellant]. Accordingly, Employee agrees that in the event Employee's employment terminates, regardless of the reason for said termination or party instituting the termination, Employee will not, directly or indirectly, individually as a partner or as an agent, employee or stockholder of any corporation or otherwise, for a period of one year from the termination of this Agreement:

(a) Solicit or accept a job offer from another men's and or women's retail clothing company and/or any company who engages in the sale of men's and/or women's clothing that is within a (50) mile radius of any [of Appellant's] operation.

(Appellant's Complaint, filed November 4, 2013, Exhibit B; R.R. at 36a).

Appellee To ended his employment with Appellant on September 16, 2013. That same day, Appellant learned that Appellee To was planning to open his own men's footwear store in Philadelphia, and that he had taken a confidential list of Appellant's clients. Appellee To allegedly returned the client list on October 24, 2013, and opened his own store, ToBox ("Appellee ToBox"), in Philadelphia on October 31, 2013.

Appellant filed a complaint against Appellees on November 4, 2013, which alleged breach of contract, misappropriation of trade secrets and confidential information, unfair competition, and breach of duty of loyalty. Appellees filed preliminary objections to the complaint on November 25, 2013, to which Appellant responded. Thereafter, on December 9, 2013, Appellant filed a petition for preliminary injunction, *inter alia*, to enjoin Appellees from competing with Appellant. Appellees filed a response on December 30, 2013. That same day, the court sustained in part and overruled in part Appellees' preliminary objections. The court subsequently denied Appellant's petition for preliminary injunction on January 14, 2014.

On January 23, 2014, Appellants filed a motion to amend the court's December 30, 2013 order, to which Appellees filed a response. The court denied Appellant's motion on February 20, 2014. Meanwhile, Appellees filed an answer to Appellant's complaint with new matter on January 20, 2014. Appellant filed preliminary objections to the pleading. Appellees subsequently filed several amended answers with new matter, and Appellant filed preliminary objections to each amended filing.

Eventually, the parties settled all claims except Appellant's allegations of breach of the Non-Compete Covenant. Thus, on December 3, 2014, the court entered an order that deemed as final the December 30, 2013 and January 14, 2014 orders dismissing Appellant's claims of breach of the Non-Compete Covenant, and dismissed with prejudice all other claims. Appellant

timely filed a notice of appeal on December 4, 2014.

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ERR IN SUSTAINING [APPELLEES'] PRELIMINARY OBJECTIONS TO [APPELLANT'S] COMPLAINT AND DISMISSING [APPELLANT'S] CLAIMS AGAINST [APPELLEES] FOR BREACH OF THE AGREEMENT'S NON-COMPETE COVENANT, WHERE THE AGREEMENT INCLUDED A VALID AND BINDING NON-COMPETE RESTRICTIVE COVENANT, AND WHERE [APPELLANT] PLEADED FACTS IN THE COMPLAINT DEMONSTRATING THAT [APPELLEES] VIOLATED THE NON-COMPETE COVENANT?
>
> DID THE TRIAL COURT ERR IN DENYING [APPELLANT'S] PETITION FOR PRELIMINARY INJUNCTION, WHERE [APPELLANT] ESTABLISHED ALL OF THE PREREQUISITES REQUIRED UNDER THE LAW TO ENJOIN [APPELLEES] FROM VIOLATING THE AGREEMENT'S NON-COMPETE COVENANT?

(Appellant's Brief at 7).

In its first issue, Appellant argues the facts alleged in Appellant's complaint were more than sufficient to overcome Appellees' preliminary objections to Appellant's claims for breach of the Non-Compete Covenant. Appellant asserts the Non-Compete Covenant is an enforceable restrictive covenant. Specifically, Appellant avers the Non-Compete Covenant was executed incident to Appellee To's employment with Appellant, the restrictions imposed are reasonably necessary for Appellant's protection because Appellee To was privy to confidential information relating to Appellant's customers and suppliers, and the restrictions imposed are reasonably limited in geographic scope and duration. Appellant contends Appellees violated the Non-Compete Covenant by opening a store in

Philadelphia. Appellant alleges the Non-Compete Covenant is not so limited in scope as to prohibit Appellee To from only soliciting or accepting a job from an unrelated third party. Rather, Appellant asserts the plain language of the Non-Compete Covenant implicates all forms of work for a competitor of Appellant. Appellant states the Non-Compete Covenant prohibits Appellee To, "individually…as a stockholder," from "directly or indirectly" engaging in restricted activity, which includes Appellee To's ownership of Appellee ToBox. Appellant contends Appellee ToBox is a distinct legal entity from Appellee To, and that Appellee ToBox offered Appellee To a position as an operator, which he affirmatively accepted. Additionally, Appellant claims that, even if the Non-Compete Covenant is ambiguous, it is for the trier of fact to resolve any ambiguity. Appellant maintains it met its burden of stating a meritorious claim against Appellees for breach of the Non-Compete Covenant. Appellant concludes this Court should reverse the trial court's December 30, 2013 order sustaining in part and overruling in part Appellees' preliminary objections, and reinstate Appellant's claims for breach of the Non-Compete Covenant. We disagree.

Our scope of review of the trial court's decision to sustain preliminary objections in the nature of a *demurrer* is plenary. **Soto v. Nabisco, Inc.**, 32 A.3d 787, 789 (Pa.Super. 2011). We apply the same standard of review as the trial court. **De Lage Landen Financial Services, Inc. v. Urban Partnership, LLC**, 903 A.2d 586, 589 (Pa.Super. 2006).

- 6 -

A *demurrer* is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. A *demurrer* by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. In ruling on a *demurrer,* the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint.

*Soto, supra* at 790. "We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion." *Id.* "Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a *demurrer* is properly sustained." *Id.*

Rule 1028 of the Pennsylvania Rules of Civil Procedure provides, in relevant part:

**Rule 1028. Preliminary Objections**

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

\* \* \*

(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) insufficient specificity in a pleading;

(4) **legal insufficiency of a pleading (demurrer)**;

\* \* \*

Pa.R.C.P. 1028(a)(2)-(4) (emphasis added).

A trial court may also sustain preliminary objections in the nature of a

*demurrer* if it "appears from the face of the complaint that recovery upon the facts alleged is not permitted as a matter of law." ***Kelly v. Kelly***, 887 A.2d 788, 790-91 (Pa.Super. 2005), *appeal denied*, 588 Pa. 770, 905 A.2d 500 (2006).

Instantly, the trial court reasoned:

> When considering preliminary objections, all material facts and all inferences set forth in the complaint must be admitted as true. ***Haun v. Community Health Systems, Inc.***, 14 A.3d 120, 123 (Pa.Super. 2011). However, the court is not bound to accept as true any averments in the pleading that are in conflict with exhibits that are attached to that pleading. ***Philmar Mid-Atlantic, Inc. v. York Street Associates [II]***, 389 Pa.Super. 297, 299-301, 566 A.2d 1253, 1254 (1989). Moreover, restrictive covenants are not favored in Pennsylvania. ***See Jacobson & Co. v. Intl Env't Corp.***, 427 Pa. 439, 235 A.2d 612 (1967). "The failure of an employer to include specific provisions in an employment contract will not be judicially forgiven or corrected at the expense of the employee." ***Hess v. Gebhard [& Co. Inc.]***, 570 Pa. 148, [169,] 808 A.2d 912[, 924] (2002). [Here,] [t]he subject contract provides that [Appellee To] may not "solicit or accept a job offer from another men's or woman's retail clothing company." [Appellant] alleges that [Appellee To] opened up his own men's retail clothing store. Thus, given the plain language of the [Agreement] when compared to the allegations of the complaint, [the trial] court finds that the breach of contract, as to the violation of the [Non-Compete Covenant], to be legally insufficient as [Appellee To] did not solicit or accept a job but instead opened up his own store. …

(Trial Court's Order, filed December 30, 2013, at 1 n. 1) (citation to record omitted). We accept the court's interpretation of the Non-Compete Covenant. An examination of this provision indicates the Non-Compete Covenant barred Appellee To from certain activities, but it did not preclude

outright ownership of his own business. Therefore, the court did not abuse its discretion in sustaining in part and overruling in part Appellees' preliminary objections. **See Soto, supra** at 790.

In its second issue, Appellant claims Appellees' conduct has caused and will continue to cause Appellant to sustain irreparable harm because Appellees opened a business in Philadelphia that competes with Appellant, and Appellant will suffer permanent injury to its customer and supplier relationships. Appellant alleges greater injury will occur from refusing to grant a preliminary injunction than from granting it because the harm to Appellant's customer relationships is likely to be significant, whereas Appellee To's ability to earn a living will not be significantly harmed because he is free to work anywhere that does not violate the Non-Compete Covenant. Appellant contends an injunction will restore the parties to their status before the breach occurred. Appellant also asserts it is likely to prevail on the merits of the claim of breach of the Non-Compete Covenant because the parties entered into this provision of the Agreement in conjunction with Appellee To's employment with Appellant, the protections the Non-Compete Covenant offers Appellant are reasonably necessary to protect Appellant's legitimate business interests, and the Non-Compete Covenant is reasonably limited in duration and geographic scope. Appellant avers an injunction is also reasonably suited to stop Appellees' offending activity because there is no indication Appellees will refrain from violating

the Non-Compete Covenant unless prohibited by court order. Appellant maintains there is no indication that entering an injunction against Appellees will harm the public interest. Appellant concludes this Court should reverse the trial court's January 14, 2014 order denying Appellant's petition for preliminary injunction. We disagree.

Our review of the court's denial of equitable relief in this case implicates the following legal principles:

> [I]n general, appellate courts review a trial court order refusing or granting a preliminary injunction for an abuse of discretion. We have explained that this standard of review is to be applied within the realm of preliminary injunctions as follows:
>
> > [W]e recognize that on an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the [order] or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].

*Eckman v. Erie Ins. Exchange*, 21 A.3d 1203, 1206 (Pa.Super. 2011) (internal citations and quotation marks omitted). "This standard is highly deferential." *Id.* at 1207.

Pennsylvania Rule of Civil Procedure 1531 governs preliminary and special injunctions, in pertinent part, as follows:

> **Rule 1531.  Special Relief.  Injunctions**
>
> (a) A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to

the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

Pa.R.C.P. 1531(a). "The purpose of a preliminary injunction is to prevent irreparable injury or gross injustice by preserving the *status quo* as it exists or as it previously existed before the acts complained of in the complaint." **Ambrogi v. Reber**, 932 A.2d 969, 974 (Pa.Super. 2007), *appeal denied*, 597 Pa. 725, 952 A.2d 673 (2008). "Any preliminary injunction is an extraordinary, interim remedy that should not be issued unless the moving party's right to relief is clear and the wrong to be remedied is manifest." **Id.**

A party seeking a preliminary injunction must establish: (1) the injunction is necessary to prevent immediate and irreparable harm; (2) greater injury will occur from refusing to grant the injunction than from granting it; (3) the injunction will restore the parties to the *status quo* as it existed before the alleged wrongful conduct; (4) the likelihood of success on the merits; (5) the injunction is reasonably designed to prevent the wrongful conduct; and (6) the injunction will not adversely affect the public interest. **Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.**, 573 Pa. 637, 646-47, 828 A.2d 995, 1001 (2003).

To satisfy the fourth element, a plaintiff must demonstrate the

- 11 -

behavior it seeks to restrain is actionable, the wrong is manifest, and the right to relief is clear. *Id.* at 648, 828 A.2d at 1001. "[F]or conduct to be actionable, it must breach a duty imposed by statute or by common law." *The York Group, Inc. v. Yorktowne Caskets, Inc.*, 924 A.2d 1234, 1241 (Pa.Super. 2007). "[T]he party seeking an injunction is not required to prove that he will prevail on his theory of liability, but only that there are substantial legal questions that the trial court must resolve to determine the rights of the parties." *Ambrogi, supra* at 976.

A party seeking a preliminary injunction is bound by the pleadings standards set forth in Pa.R.C.P. 1019, which provides, in relevant part:

> **Rule 1019.  Contents of Pleadings.  General and Specific Averments**
>
> (a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.
>
> (b) Averments of fraud or mistake shall be averred with particularity.  Malice, intent, knowledge, and other conditions of mind may be averred generally.
>
> \*    \*    \*
>
> (h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.
>
> > *Note*: If the agreement is in writing, it must be attached to the pleadings.  See subdivision (i) of this rule.
>
> (i)  When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state,

- 12 -

together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019. Rule 1019 specifically requires:

> the pleader to disclose the material facts sufficient to enable the adverse party to prepare his case. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, *i.e.* those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged…. Allegations will withstand challenge under [Rule] 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.

*Lerner v. Lerner*, 954 A.2d 1229, 1235-36 (Pa.Super. 2008). Material facts include all the facts a plaintiff will eventually have to prove in order to recover. *Id.* at 1236.

Here, a review of the record reveals Appellant failed to establish the prerequisites for a preliminary injunction. *See Eckman, supra*. Appellant failed to provide any support for how it has suffered or will continue to suffer irreparable harm, or how its customer and supplier relationships will be more adversely affected, absent a preliminary injunction, or how Appellant's *status quo* has been disturbed following the opening of Appellee ToBox, or that substantial legal questions exist for the court to decide. *See Summit Towne, supra*; *Ambrogi, supra* at 976. In fact, the court determined in its December 30, 2013 order that Appellees have not violated any term of

the Non-Compete Covenant by opening their own business. **_See Summit Towne, supra_**; **_York Group, supra_**. Therefore, Appellant failed to establish a sufficient basis to warrant a preliminary injunction. Furthermore, the court concluded:

> [Appellant] is a large and distinguished retail business that has operated for more than seventy-five (75) years. As [Appellee] To is the sole owner of [Appellee] ToBox, a company that opened less than two months ago, [the trial] court finds that greater injury will occur from granting the injunction than from refusing it and thus [Appellant] has not satisfied its burden for injunctive relief.

(Trial Court's Opinion, filed January 14, 2014, at 4). Thus, the court had reasonable grounds to deny Appellant's petition for a preliminary injunction. **_See Eckman, supra_**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/28/2015</u>

- 14 -