J-S54022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD P. MAZEFFA | |
| Appellant | No. 3404 EDA 2014 |

Appeal from the PCRA Order November 10, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001213-1986

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.               **FILED SEPTEMBER 29, 2015**

Appellant, Richard P. Mazeffa, appeals from the order entered November 10, 2014, in the Court of Common Pleas of Bucks County, which dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 28, 1986, when he was just four months shy of his eighteenth birthday, Mazeffa loaded a shotgun with five shells of birdshot. His grandparents were watching television when Mazeffa approached them from behind. He shot and killed his grandfather. He then he shot and killed his grandmother.

_____

[*] Former Justice specially assigned to the Superior Court.

Mazeffa later pled guilty to two counts of first-degree murder. The trial court sentenced him to life without parole. This Court affirmed the judgment of sentence on December 21, 1987. *See Commonwealth v. Mazeffa*, 1323 and 1324 Philadelphia 1987 (Pa. Super. 1987) (unpublished memorandum).

Mazeffa filed, *pro se*, the instant PCRA petition, his first, on August 3, 2012. The PCRA court appointed counsel who later filed an amended petition. In the amended petition he claimed he was entitled to relief under *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012). In *Miller*, the Court recognized a constitutional right for juveniles under the age of eighteen and held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" ___ U.S. at ___, 132 S.Ct. at 2460.

By agreement of the parties, the PCRA court deferred the resolution of the petition pending our Supreme Court's decision in *Commonwealth v. Cunningham*, 51 A.3d 178 (Pa. 2012) (order). On October 30, 2013, the Court decided *Cunningham* and held that the right announced in *Miller* did not apply retroactively. *See Commonwealth v. Cunningham*, 81 A.3d 1, 10 (Pa. 2013). With that ruling, the PCRA court dismissed Mazeffa's PCRA petition as untimely filed. This timely appeal followed.

"The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth*

*v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004) (citations omitted). Mazeffa maintains that he timely filed his petition, as he filed it within 60 days of the decision in *Miller*. *See* Appellant's Brief, at 6 n.1 ("The present PCRA petition was timely filed...."). It is not timely.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). Mazeffa's judgment of sentence became final on January 20, 1988, after this Court affirmed Mazeffa's judgment of sentence and the time expired for filing a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113. Mazeffa filed his PCRA petition in 2012.[1] As Mazeffa's PCRA petition was not timely filed, "the courts have no jurisdiction to grant [him] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies." *Commonwealth v. Pursell*, 749 A.2d 911, 914-915 (Pa. 2000).

On appeal, Mazeffa argues that despite our Supreme Court's ruling in *Cunningham*, he should still be entitled to relief as a federal district court

---

[1] Mazeffa does not benefit from the grace period provided in the statute for those petitioners whose judgments of sentence became final before the effective date of the 1995 amendments to the PCRA. *See Commonwealth v. Sattazahn*, 869 A.2d 529, 533 n.8 (Pa. Super. 2005) ("The 1995 amendments to the PCRA provided that a first-time PCRA petitioner whose judgment of sentence became final on direct appeal on or before the effective date of the amendments could file a first PCRA petition within one year of the effective date of the amendments (January 16, 1996)[.]").

has held **Miller** applies retroactively, as have other state courts. **See**

Appellant's Brief, at 7-8 (citing cases).[2] Mazeffa's argument is unavailing.

We have explained that

> [r]ecently, in **Cunningham** our Supreme Court held that the constitutional right announced by the United States Supreme Court in **Miller** does not apply retroactively. 81 A.3d at 10. Consequently, Appellant cannot rely upon **Miller** or subsection 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court.

**Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014). **See also**

**Commonwealth v. Reed**, 107 A.3d 137 (Pa. Super. 2014).

The PCRA court committed no error in summarily dismissing Mazeffa's

PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2015

---

[2] We are "not bound by the decisions of federal courts, other than the United States Supreme Court, or the decisions of other states' courts." **Eckman v. Erie Ins. Exchange**, 21 A.3d 1203, 1207 (Pa. Super. 2011) (citation omitted).