J-A09033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARK ELMER JENKINS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALLEN JENKINS AND LANA MOODY, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF ELMER M. JENKINS, DECEASED, | |
| Appellees | No. 1344 MDA 2015 |

Appeal from the Judgment Entered July 23, 2015
in the Court of Common Pleas of Sullivan County
Orphans' Court at No.: 2010-CV-139

BEFORE:  FORD ELLIOTT, P.J.E., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                         **FILED JULY 13, 2016**

Appellant, Mark Elmer Jenkins, appeals from the final judgment entered by the trial court in this estates action centered on the fifty-acre farm (Farm) owned by the late Elmer M. Jenkins (Decedent).[1]  We affirm.

We take the pertinent facts and procedural history of this case from the trial court's November 13, 2014 opinion and our independent review of the certified record.  Decedent died testate in March of 2007.  He was survived by four children: Appellant, Appellees Lana Moody and Allen

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect the date judgment was entered on the docket.

Jenkins, and Diane Jenkins.[2]   Appellees were named co-executors of the estate.  The relevant portions of Decedent's will, dated December 30, 1977, state as follows:

> (b) I direct that if [Appellant] desires to purchase my home farm which is a 50 acre farm, that he be given the first option to purchase this farm.[3]   I direct that the farm be appraised to establish a value for the farm and that that value be used or any other value that my four (4) children can agree on.  If [Appellant] is willing to pay this appraised price or the price that my four (4) children agree on, then I direct that my estate sell this farm to [Appellant].  If he is able to purchase the farm for cash, I direct that he do that.  If he is not able to and needs a period of time to pay for the farm, I direct that he be permitted to have his time for working out terms by which he can purchase the farm.  I direct that he pay for the farm as soon as possible, but I also direct that not such a burden be put on him that he cannot afford the monthly payments.
>
> *    *    *
>
> If [Appellant] does not desire to purchase this farm, I direct that any one of my other three (3) children be given an opportunity to purchase this farm under the same terms and conditions as I have set forth above.  It is my desire that one of my children purchase this farm and retain it if any of them desire to do this and if it is reasonably possible.  If none of them desire to do this or if it is not reasonably possible, then the farm can be sold and the proceeds divided equally among my four (4) children named above.

(Plaintiff's Trial Exhibit 1, 12/30/77, at 2-3).

---

[2] Diane Jenkins is not a party to this appeal.

[3] Appellant resided on the Farm for his entire life and works as a dairy farmer.  (**See** N.T. Trial, 5/28/13, at 9-10).

In May of 2007, the Farm appraised for $185,000.00. On October 10, 2008, Appellees sent Appellant a letter advising him of the value and informing him that, if he desired to purchase the Farm, closing must be held by November 14, 2008. Appellant advised Appellees that he would like to purchase the Farm. However, as of February 2009, Appellant was still attempting to secure financing for the approximately $72,000.00 he would owe the estate. On April 8, 2009, Appellees informed Appellant that he would have to secure financing by April 22, 2009, or Appellees would either purchase the Farm or sell it to a third party.

On June 17, 2009, Appellees transferred the Farm to themselves, in their individual capacities, via an executors' deed, by pooling their respective portions of the estate without obtaining court approval to do so. They never offered any joint purchase to Appellant, but advised him that they would record the deed if he did not send a $72,500.00 check by July 6, 2009. Appellant responded with a letter requesting that the estate finance up to $60,000.00 of the purchase price. Appellees did not respond; they filed the deed on July 21, 2009.

On April 19, 2010, Appellees entered into an oil and gas lease with Chief Exploration & Development LLC (Chief Exploration) regarding the Farm. On July 23, 2010, Appellees received a payment of $150,000.00 from Chief Exploration.

Appellees filed a first accounting of the estate, and Appellant filed objections thereto. The trial court held a bench trial on May 28, 2013, and

the proceeding continued on October 30, 2013. The court determined that the inventory was incomplete, and on October 10, 2014, Appellant filed a motion to compel the filing and service of a second accounting. Appellees filed a second and final accounting, and Appellant filed objections thereto.

On November 13, 2014, following argument, the court entered an order and opinion invalidating the June 17, 2009 executors' deed. The court directed the estate to re-offer the Farm to Appellant at the appraised value; ordered that the estate give Appellant credit for his share of the estate, including the initial Chief Exploration payment and any royalty payments; and directed that Appellees place the Chief Exploration payment into the estate. On December 3, 2014, Appellant filed a post-trial motion[4] requesting that the court amend its order to provide that the entire Chief Exploration proceeds, plus statutory interest, be paid to whomever purchases the Farm.

On December 31, 2014, Appellant filed an uncontested motion for approval of sale of the Farm. On January 9, 2015, the court approved the sale, and ordered that the estate sell the Farm to Appellant and that it finance the remaining balance due on the purchase price, up to $40,350.66. On February 27, 2015, following oral argument, the court issued an order denying Appellant's post-trial motion. On July 23, 2015, it entered an order

_____

[4] ***See*** Pa.O.C.R. 7.1(a) (permitting party in orphans' court proceeding to file exceptions to final order within twenty days of entry and prohibiting party from filing appeal until disposition of exceptions).

J-A09033-16

rendering its judgment in this matter final, upon the praecipe of Appellant. This timely appeal followed.[5]

Appellant raises two issues for this Court's review:

I. Did the trial court err by not directing that the 2010 farmland oil/gas lease payment, with interest, be allocated in full to Appellant, whose purchase of the farm as described in the Will was held up from 2007 until after the 2010 oil/gas lease payment only because of the wrongful actions of the estate?

II. Did the trial court err by not awarding damages to Appellant from the Estate or from the co-executors, or surcharging the estate co-executors?

(Appellant's Brief, at 4).[6]

Our standard of review of an orphans' court's decision is deferential. When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. Moreover, we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the

---

[5] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on August 25, 2015. *See* Pa.R.A.P. 1925(b). The court did not file a Rule 1925(a) opinion. *See* Pa.R.A.P. 1925(a).

[6] The argument section of Appellant's brief is divided into four sections, instead of two directly corresponding to the statement of the questions involved, in violation of our rules of appellate procedure. *See* Pa.R.A.P. 2116(a), 2119(a). We will address Appellant's issues to the extent we are able to discern them.

- 5 -

court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused.

*Estate of Sacchetti v. Sacchetti*, 128 A.3d 273, 281-82 (Pa. Super. 2015) (citation omitted).

In his first issue, Appellant argues that the trial court erred by failing to allocate the entire Chief Exploration payment, plus interest, to him. (*See* Appellant's Brief, at 4, 18-19). He claims that the court, by placing this payment into the estate, allowed Appellees to benefit substantially from their improper actions. (*See id.* at 18). This issue is waived.

An appellate brief must provide citations to the record and to relevant supporting legal authority. *See* Pa.R.A.P. 2119(a)-(c). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 584 (Pa. Super. 2014) (citation omitted). Further, an argument "not supported by pertinent authority . . . is waived." *Eckman v. Erie Ins. Exchange*, 21 A.3d 1203, 1208 (Pa. Super. 2011) (citation omitted). "When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Krauss*, *supra* at 584 (citing Pa.R.A.P. 2101) (case citation omitted).

Here, Appellant's single-paragraph argument on this issue is underdeveloped and does not contain any citations to the record. (*See* Appellant's Brief, at 18-19). Appellant fails to support his claim regarding the court's allegedly erroneous allocation of the Chief Exploration payment

to the estate with citation to, and discussion of, any pertinent legal authority. (*See id.*). Instead, the argument includes only a passing reference to an inapposite case addressing an executor's reliance on counsel's advice in connection with surcharges. (*See id.* at 19). Accordingly, because the deficiencies in Appellant's brief have hindered our ability to conduct meaningful appellate review, we conclude that his first claim is waived. *See* Pa.R.A.P. 2101, 2119(a)-(c); *Krauss*, *supra* at 584.

In his second issue, Appellant contends that the trial court erred in failing to award him a surcharge, attorney's fees, and damages for Appellee's failure to maintain the Farm. (*See* Appellant's Brief, at 4, 19-20). This issue is also waived.

It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[A] 1925(b) statement can therefore never be used to raise a claim in the first instance." *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) (citing Pa.R.A.P. 302(a)).

Here, Appellant readily concedes that he did not raise the issue of a surcharge, attorney's fees, and damages in the trial court, stating: "[Appellant's] trial counsel admittedly neglected to object to or ask for any of this, other than interest on the [Chief Exploration] money. 'Neglected' is used here in every sense of the word." (Appellant's Brief, at 19; *see also id.* at 12, 20 (noting trial counsel's failure to ask for surcharge, attorney's fees, or damages; stating that availability of theses remedies should have

- 7 -

been obvious to counsel; and acknowledging that Appellant may have an action against counsel)).  It is therefore clear that Appellant never sought in the trial court the relief he now requests.  Although Appellant raised this issue in his Rule 1925(b) statement, (**see** Rule 1925(b) Statement, 8/25/15, at unnumbered page 1, ¶¶ 2-3), he cannot use the statement to raise the claim in the first instance.  **See Steiner, supra** at 1257.  Thus, Appellant's final issue on appeal is waived.  Accordingly, we affirm the judgment entered by the trial court.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2016