J-S82040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD GARY BOYD, | |
| Appellant | No. 849 MDA 2016 |

Appeal from the PCRA Order May 3, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-MD-0000816-1977

BEFORE: OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED NOVEMBER 14, 2016**

Appellant, Edward Gary Boyd, appeals *pro se* from the order dismissing his second petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 (PCRA). Appellant argues chiefly that his sentence of life without parole following a jury conviction of murder of the first degree is illegal under ***Miller v. Alabama***, 132 S. Ct. 2455 (2012),[1] held to be retroactive on collateral review by ***Montgomery v. Louisiana***, 136 S. Ct. 718, 726 (2016), as revised (Jan. 27, 2016). We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Miller*** held that mandatory life without parole for **juvenile** homicide offenders violates the Eighth Amendment's prohibition on "cruel and unusual punishments." ***Miller***, ***supra*** at 2460.

Appellant concedes that he was convicted of murder of the first degree for the beating and stomping to death of a motel night clerk arising out of a robbery on August 8, 1976. (***See*** Appellant's Brief, at 5). Appellant states (and the record confirms) that he was twenty at the time of the murder. (***See id.***).

On March 22, 2016, Appellant filed the instant second petition,[2] *pro se*, claiming, in effect, that he was entitled to the benefit of the United States Supreme Court's ruling in ***Miller***, ***supra***, under the ruling in ***Montgomery***, ***supra***, which held that ***Miller*** was retroactive and provided a remedy on collateral review. The PCRA court filed a notice of intention to dismiss. ***See*** Pa.R.Crim.P. 907(1). Appellant responded. The court dismissed the petition on May 3, 2016. This timely appeal followed.[3]

Appellant raises two questions for our review on appeal:

> I. Did the imposition of [Appellant's] life without parole sentence for a homicide offence violate the Eighth and Fourteenth Amendments' prohibition against cruel and unusual punishments under the United States Constitution and Article I § 13 of the Pennsylvania Constitution? Did the imposition of [Appellant's] life without parole sentence for a homicide offense

_____

[2] The record confirms that at least two petitions were filed. Appellant referred to a third previous petition, but did not supply further details. (***See*** *Nunc Pro Tunc* Motion for PCRA Relief, 11/11/14, at 2).

[3] Appellant timely filed a court-ordered statement of errors. The PCRA court filed a memorandum referencing its memorandum opinion of April 4, 2016, for the reasons for denying Appellant's petition. ***See*** Pa.R.A.P. 1925.

violate the Fourteenth Amendment equal protection rights found in **Obergefell v. Hodges**, 576 [sic]?

II. Did [the] PCRA Court commit reversible legal error when it denied [Appellant's] PCRA [p]etition when it did not recognize that the United States Supreme Court's ruling in **Miller v. Alabama** and **Jackson v. Hobbs** applies to the instant life without parole sentence, for juveniles and those with less developed brains?

(Appellant's Brief, at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Lane**, 81 A.3d 974 (Pa. Super. 2013), *appeal denied*, 625 Pa. 658, 92 A.3d 811 (2014). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

**Commonwealth v. Secreti**, 134 A.3d 77, 79–80 (Pa. Super. 2016).

"Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

Preliminarily, we observe that "[t]he Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendment[s] of the United States Constitution. Therefore, we do not conduct a separate analysis of Appellant's state constitutional claim." **Commonwealth v. Bonner**, 135 A.3d 592, 597 n.18 (Pa. Super. 2016),

*appeal denied*, ──— A.3d ───—, (Pa. filed July 27, 2016) (citation and internal quotation marks omitted).

Next, we acknowledge that Appellant timely filed the instant petition within sixty days of the United States Supreme Court's decision in ***Montgomery***, ***supra***.  ***See Secreti***, ***supra*** at 82 (using date of ***Montgomery*** decision as reference point for timely filing because ***Montgomery*** was needed to clarify ***Miller***); ***see also*** 42 Pa.C.S.A. § 9545(b)(2) (requiring petitioner asserting timeliness exception to file petition within sixty days of date claim could have been presented).

Nevertheless, Appellant's first claim lacks merit.  The authority cited by Appellant does not apply to him.  The holding in ***Miller*** expressly applies only to juveniles under the age of eighteen:  "We therefore hold that mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[4] ***Miller***, ***supra*** at 2460 (emphasis added).

Citing a definition from the Statutory Construction Act, Appellant argues that, at twenty, he was still a "minor" who had not reached full legal

_____

[4] The Eighth Amendment provides:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  **U.S. Const.** amend. VIII.  "The provision is applicable to the States through the Fourteenth Amendment."  ***Roper v. Simmons***, 543 U.S. 551, 560 (2005) (citations omitted).

age. (*See* Appellant's Brief, at 7); *see also* 1 Pa.C.S.A. § 1991 ("**'Minor.'** An individual under the age of 21 years.").

However, Appellant's reliance on rules of statutory construction is misplaced. In pertinent part, for purposes of the Juvenile Act, a "Child" is "[a]n individual who: (1) is **under the age of 18** years[.]" 42 Pa.C.S.A. § 6302 (emphasis added).

Here, Appellant was neither a child nor a juvenile within the defined meaning of those terms as they are applied in the authority he cites. Therefore, his claims that he should be treated as a juvenile at the time he committed the murder in question, and that he received a cruel and unusual punishment, or that he was denied the equal protection of the laws do not merit relief.

Appellant also claims that he is entitled to the equal protection of the laws pursuant to *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). (*See* Appellant's Brief, at 21.). *Obergefell* concluded that the right to marry is a fundamental right under the due process and equal protection clauses of the Fourteenth Amendment such that couples of the same-sex may not be deprived of that right and liberty. *See Obergefell*, *supra* at 2604. Aside from this reference, we are unable to discern the relevance of *Obergefell* to the issues in this appeal. And Appellant, despite sporadic mention, fails to develop any argument in support of his assertion. (*See* Appellant's Brief, at 4, 7, 21, 23, 26). Appellant's first claim does not merit relief.

In his second claim, Appellant asserts that **Miller**, **supra** and **Jackson v. Hobbs** apply to him as a juvenile or a person with a less developed brain. (**See id.** at 4). We disagree.

In support of his claim, Appellant cites named and unnamed scientific studies for the generalization that development of the human brain is not necessarily complete at the age of eighteen.[5] (**See id.** at 14-20). Instead, according to the studies, it continues until sometime in the mid-twenties. Put another way, Appellant posits that maturation is incomplete at eighteen. Rather, persons between seventeen and twenty-five should be viewed as "emerging adult[s]." (**Id.** at 24, 26). He argues from the studies that such a person, compared to a fully matured adult, may still lack proper impulse control, be more susceptible to peer pressure, and lack the full capacity to engage in objective benefit-risk assessment. He maintains that his life sentence should be vacated, and he be granted a new sentencing hearing. (**See id.** at 31-32). We disagree.

---

[5] Appellant relies heavily on **United States v. C.R.**, 792 F. Supp.2d 343 (E.D. N.Y. 2011). (**See** Appellant's Brief, at 14-18). This Court is not bound by the decisions of federal courts (other than the United States Supreme Court), but we may look to them for guidance to the degree we find them useful and not incompatible with Pennsylvania law. **See Eckman v. Erie Ins. Exch.**, 21 A.3d 1203, 1207 (Pa. Super. 2011). In any event, the Second Circuit **vacated the decision in C.R.**, (expressly rejecting the finding that punishment of nineteen year-old for possession of child pornography violated cruel and unusual punishments clause), and remanded the case. **See United States v. Reingold,** 731 F.3d 204 (2d Cir. 2013).

This issue of where to draw the line has already been addressed by the United States Supreme Court in **Roper**, **supra**:

> Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. By the same token, some under 18 have already attained a level of maturity some adults will never reach. For the reasons we have discussed, however, a line must be drawn. The plurality opinion in **Thompson** [**v. Oklahoma**, 487 U.S. 815 (1988)] drew the line at 16. In the intervening years the **Thompson** plurality's conclusion that offenders under 16 may not be executed has not been challenged. The logic of **Thompson** extends to those who are under 18. The age of 18 is the point where society draws the line for many purposes between childhood and adulthood. It is, we conclude, the age at which the line for death eligibility ought to rest.

**Roper**, **supra** at 574.

On independent review, we conclude that the logic employed in **Roper** for death penalty eligibility applies equally here to a sentence of life without parole. Appellant's second claim does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/14/2016</u>