J-S48041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY JOHNSON | : | |
| | : | |
| Appellant | : | No. 3983 EDA 2017 |

Appeal from the PCRA Order November 13, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0233931-1991

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 10, 2018**

Appellant, Gary Johnson, appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the factual and procedural background of this case from our independent review of the limited certified record and the PCRA court's January 30, 2018 opinion.  On December 10, 1991, at the conclusion of a waiver trial, the trial court convicted Appellant of murder in the second degree and conspiracy for his role in the January 20, 1991 murder of the victim after an altercation in a nightclub.  The same day, the trial court sentenced Appellant to a term of life imprisonment without parole on the murder conviction, plus a concurrent sentence of not less than one nor more than two years' incarceration for conspiracy.  After the court granted Appellant leave to

_____
* Retired Senior Judge assigned to the Superior Court.

file an appeal *nunc pro tunc*, a panel of this Court affirmed the judgment of sentence on August 19, 1998, and our Supreme Court denied further review on February 8,1999.

Appellant filed his first[1] *pro se* PCRA petition in October 1999. Appointed counsel filed an amended petition on January 17, 2002. Thereafter, the PCRA court denied the petition.[2]

On May 18, 2012, Appellant filed the instant petition for PCRA relief, *pro se*. He filed *pro se* supplemental documents on October 1, 2015, and March 22, 2016. On July 20, 2017, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. **See** Pa.R.Crim.P. 907(1). On August 8, 2017, Appellant's newly retained counsel filed a response to the Rule 907 notice, seeking court approval for leave to file an amended PCRA petition to raise a claim pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012). On November 13, 2017, after review of the response and

---

[1] "[W]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." **Commonwealth v. Turner**, 73 A.3d 1283, 1284 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014) (citation and footnote omitted).

[2] The exact dates on which Appellant filed the petition and the PCRA court denied it are not apparent in the record.

application to amend, the court dismissed Appellant's petition without a hearing for untimeliness and lack of merit. Appellant timely appealed.[3]

Appellant raises one issue on appeal: "Should [he] be resentenced pursuant to *Miller*[, *supra*]? (Appellant's Brief, at 3).

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted).

We begin by addressing the timeliness of Appellant's petition.

> To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of a judgment of sentence becoming final. *See* 42 Pa.C.S.[A.] § 9545(b)(1). This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations. The statutory time bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Thus, the jurisdictional time bar only can be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S.[A.] § 9545(b)(1)(i)–(iii). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions.

*Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (case citations and quotation marks omitted).

---

[3] On January 5, 2018, Appellant filed a timely court-ordered concise statement of errors complained of on appeal. The court filed an opinion on January 30, 2018. *See* Pa.R.A.P. 1925.

Here, Appellant's judgment of sentence became final on May 10, 1999, when his time to file a writ of *certiorari* expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, Appellant had until May 10, 2000, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on May 18, 2012, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because

- 4 -

Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant claims the benefit of the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), by arguing that his life sentence is unconstitutional pursuant to *Miller*, *supra*, and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).[4] (*See* Appellant's Brief, at 8-12). Appellant acknowledges that he was eighteen years, and four months' old, at the time he committed the murder, but "objects to the use of an arbitrary and capricious cutoff date of the date of birth as a basis for a determination of whether or not [he] is entitled to relief[.]" (*Id.* at 6, *see id.* at 4). Appellant's claim lacks merit.

This Court recently reaffirmed that "*Miller* only applies to defendants who were under the age of [eighteen] at the time of their crimes." *Commonwealth v. Montgomery*, 181 A.3d 359, 366 (Pa. Super. 2018), *appeal denied*, 2018 WL 3784694 (Pa. filed Aug. 8, 2018) (citations and internal quotation marks omitted). Hence, "petitioners who were older than

_____

[4] In *Miller*, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. *See Miller*, *supra* at 465. In *Montgomery*, the United States Supreme Court determined that its *Miller* holding constituted a new substantive rule of constitutional law that must be applied retroactively to cases on collateral review. *See Montgomery, supra* at 736.

[eighteen] at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (case citation omitted). Accordingly, Appellant's argument predicated on an extension of *Miller* and *Montgomery* fails. *See id.*

In sum, we conclude Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar. *See Spotz*, *supra* at 678. Accordingly, we affirm the order of the PCRA court.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18

---

[5] Moreover, Appellant's reliance on a decision from Connecticut, (*see* Appellant's Brief, at 9-11), is not legally persuasive, particularly where the case is unpublished and inconsistent with Pennsylvania jurisprudence. *See Eckman v. Erie Ins. Exchange*, 21 A.3d 1203, 1207 (Pa. Super. 2011) ("[T]his Court is not bound by the decisions of . . . other states' courts. . . . [W]e may use them for guidance to the degree we find them . . . not incompatible with Pennsylvania law.") (citations omitted).